IN the INTEREST OF V.G.: V.G., Appellant,

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 81–2232. Submitted on briefs March 31, 1982.—
Decided February 16, 1983.*
(Also reported in 331 N.W.2d 632.)

For the appellant the cause was submitted on the brief of *Terry W. Rose* of *Rose & Rose* of Kenosha.

For the respondent the cause was submitted on the brief of *Lennie Weber,* assistant district attorney, of Kenosha.

An amicus curiae brief was submitted on behalf of Youth Policy and Law Center, Inc. by *Thomas E. Dixon* of Madison.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J.   V.G. appeals from an order adjudging her delinquent. The issue on appeal is whether a juvenile can be found delinquent because she violated a dispositional order resulting from a status offense. We find that a juvenile court is without jurisdiction to adjudge a child delinquent solely because she is in contempt of court. Accordingly, we reverse.

On June 25, 1981, a fifteen year old girl, V.G., was found to be a child in need of protection or services (CHIPS), pursuant to sec. 48.13, Stats., because she had a history of running away from home. The court ordered V.G. to be placed at the Kenosha Area Girl's Group Home. V.G. twice ran away from the group home. On September 3, 1981, a court commissioner returned V.G. to the group home under the condition that she was not to leave the home except to attend school unless accompanied by a staff member. On September 9, 1981, the district attorney alleged that V.G. had once again run away from the home and petitioned the court to find V.G. delinquent because she had acted in contempt of court, contrary to secs. 785.01(1)(b) and 785.03(1)(b), Stats.

At a hearing on September 29, 1981, the trial court stated that for the purposes of a delinquency petition, a contempt of court allegation is as proper as an allegation that a juvenile "committed an armed robbery" because contempt of court "is the same as . . . any other section of the law in this state." The trial court then found V.G. to be in contempt and adjudged her to be delinquent on that basis.

Under sec. 48.12(1), Stats., "The [juvenile] court has exclusive jurisdiction . . . over any child 12 years of age or older who is alleged to be delinquent as defined in s. 48.02(3m)." Section 48.02(3m), Stats., defines "delinquent" as a child between twelve and eighteen years of age who has violated "any state or federal criminal law . . . ."

The issue on appeal is whether secs. 785.01(1)(b) and 785.03(1)(b), Stats., are "state . . . criminal law[s]" within the meaning of sec. 48.02(3m), Stats. We conclude that they are not and reverse.

We disagree with the trial court's conclusion that contempt of court violates a Wisconsin "criminal law."

Under contempt statutes that preceded ch. 785, Stats., conviction of contempt of court was not "conviction of a criminal offense." *State ex rel. Jenkins v. Fayne,* 24 Wis. 2d 476, 479, 129 N.W.2d 147, 149 (1964); *Farrell v. Phillips,* 140 Wis. 611, 617, 123 N.W. 117, 119 (1909). Nothing in ch. 785 alters that well-established distinction. Since the petition to adjudge V.G. delinquent did not allege that she had violated any state criminal law, the petition should have been dismissed.

We note that although a juvenile court may not adjudge a status offender delinquent for defiance of a dispositional order, the court is not without power to enforce its orders. The Wisconsin Supreme Court recently held that under certain circumstances, a juvenile court may find a status offender in contempt. *In the Interest of D.L.D.,* 110 Wis. 2d 168, 182, 327 N.W.2d 682, 689 (1983). Where the *D.L.D.* criteria are met,[1] a juvenile court may impose secure detention as a penalty for a status offender's contempt. *Id.*

*By the Court.*—Order reversed.

---

[1] The *D.L.D.* court stated that:

[A] status offender may be found in contempt and incarcerated, . . . with the following limitations: (1) the juvenile is given sufficient notice to comply with the order and understands its provisions; (2) the violation of the court order is egregious; (3) less restrictive alternatives were considered and found to be ineffective; and (4) special confinement conditions are arranged consistent with sec. 48.209, Stats.

110 Wis. 2d at 182, 327 N.W.2d at 689.