SHARE CORPORATION, Plaintiff-Respondent,

v.

PRO-SPECIALTIES, INC., Defendant-Appellant.

Court of Appeals

*No. 81-503. Submitted on briefs January 13, 1982.—
Decided April 16, 1982.*
(Also reported in 320 N.W.2d 24.)

For the defendant-appellant the cause was submitted on the briefs of *Robert F. Klaver, Jr.,* of *Niebler & Niebler,* of Menomonee Falls.

For the plaintiff-respondent the cause was submitted on the brief of *Bruce C. O'Neill* and *Diane Slomowitz,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Randa, J.

MOSER, P.J. Pro-Specialties, Inc. (Pro) appeals from a judgment finding Pro guilty of two counts of criminal contempt in violation of sec. 757.03(2), Stats. (1977),[1] and fixing a fine of $4,000 on each count, and finding Pro's defense frivolous under sec. 814.025 and allowing Share Corporation (Share) its costs and reasonable attorneys' fees pursuant to secs. 814.025 and 814.04. We conclude that sec. 757.06 (1977) precludes the award of attorneys' fees and costs in this instance. We accordingly modify the judgment and order to delete the award of attorneys' fees and costs and affirm the judgment and order as modified.

## FACTS

Pro and Share are countrywide competitors in the manufacture, sale and distribution of chemical cleaning products. On February 1, 1977, Share commenced action against Pro alleging that Pro had engaged in unfair trade practices by soliciting Share's sales representatives to leave Share's employ and work for Pro. Pro denied the claim. At a hearing before Milwaukee County Circuit Judge Robert C. Cannon, the dispute was settled and both parties were enjoined and restrained from soliciting each other's employees or distributors for a two-year period commencing February 22, 1978. The stipulation was read into the record, both parties and their counsel agreed to the stipulation on the record, and the matter was dismissed on its merits. The injunction and order was reduced to writing and was signed and entered March 23, 1978.[2]

---

[1] Sections 757.03–757.06, Stats. (1977), were repealed by sec. 10, ch. 257, Laws of 1979, effective May 10, 1980. *See* secs. 785.01–785.04. All references to the contempt statutes are to the 1977 version.

[2] Pertinent portions of the injunction and order read as follows:
IT IS ORDERED: That SHARE CORPORATION, the plaintiff above named, together with its officers, employees, direct

On October 31, 1978, on petition by Share, Circuit Judge Jackson executed an order to show cause why Pro should not be held in contempt of the March 23 injunction and order. On December 15, 1978, Judge Jackson, on cross-petition by Pro, executed an order to show cause why Share should not be held in contempt of the same injunction and order. The parties stipulated that the matter would be tried in accordance with nonsummary procedure.[3] The court appointed attorney Bruce C. O'Neill to act as special prosecutor. The matter was tried to the court on May 31 and June 1, 1979.

On September 17, 1980, the trial court issued its findings of fact and conclusions of law. The trial court found that Pro did not meet its burden of establishing that Share willfully and intentionally disobeyed the order and injunction. The trial court found Pro in contempt, contrary to sec. 757.03(2), Stats. (1977), for soliciting two of Share's employees to work as distributors in violation of the injunction and order. The trial court fixed the fine at $4,000 for each of the two violations. The trial court also determined that Pro's defense was frivolous as defined by sec. 814.025, and awarded Share its

agents, subsidiaries and attorneys, be and the same are hereby enjoined and restrained from soliciting any of the employees, in-house distributors, and independent contractor-distributors of PRO-SPECIALTIES, INC., the defendant above named, for any purpose whatever, for a period of two (2) years next after the 22nd day of February, 1978, and

IT IS FURTHER ORDERED: That PRO-SPECIALTIES, INC., the defendant above named, together with its officers, employees, direct agents, subsidiaries and attorneys, be and the same are hereby enjoined and restrained from soliciting any of the employees, in-house distributors and independent contractor-distributors of SHARE CORPORATION, the plaintiff above named, for any purpose whatever, for a period of two (2) years next after the 22nd day of February, 1978.

IT IS FURTHER ORDERED: That violation of this Order is punishable by this Court as contempt of court.

[3] Sec. 757.04(2), Stats. (1977).

costs, including certain travel expenses advanced to Pro[4] and reasonable attorneys' fees. The trial court then directed Share to submit a petition to determine the amount of attorneys' fees.

The record reflects that counsel for Share submitted a petition requesting the costs and fees and that a hearing on the matter was held on October 27, 1980.[5] On February 9, 1981, the trial court entered an order for judgment which awarded Share $300 in costs, $500 in travel expenses and $4,800 as reasonable attorneys' fees. Judgment was entered on February 16, 1981. On February 25, 1981, the trial court entered an order denying Pro's motion for reconsideration.

## ISSUE

The sole issue on appeal is whether the trial court, in a nonsummary criminal contempt proceeding may, after imposing a punishment for the contempt, assess civil costs and reasonable attorneys' fees for a frivolous defense against the defendant pursuant to secs. 814.025 and 814.04, Stats.

Pro argues that a nonsummary criminal contempt proceeding is a criminal action and that secs. 814.025

---

[4] The trial court's findings of fact and conclusions of law state in part:

14. After the above telephone conversations both Mr. Rice and Mr. Routh refused to come to Milwaukee to testify at the January, 1979 hearing. As a result, Share Corporation asked for and received an adjournment of the hearing. Thereafter, the testimony of Mr. Rice and Mr. Routh was taken by deposition in Indiana.

15. At the time of the adjournment, this Court ordered Share Corporation to advance $500 to the attorney for Pro-Specialties, Inc. to reimburse witnesses that Pro-Specialties had brought to the January, 1979 hearing. The Court, at that time, stated that it would await the outcome of the hearing to determine whether or not such $500 was a taxable cost in this lawsuit.

[5] The record does not contain a transcript of the hearing.

and 814.04, Stats., do not apply to criminal actions in view of sec. 973.06[6] and *City of Janesville v. Wiskia.*[7] Share contends that a criminal contempt proceeding is not a criminal prosecution, but a special proceeding under secs 814.025 and 757.04(2) and that costs and fees are properly taxable in special proceedings under those sections.

We conclude that a nonsummary criminal contempt proceeding is not a criminal action subject to the provisions of chapter 973.[8] We nonetheless hold that sec.

---

[6] Sec. 973.06, Stats., provides:

Costs. (1) The costs taxable against the defendant shall consist of the following items and no others:

(a) The necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, preliminary examination and trial of the defendant, including, in the discretion of the court, the fees and disbursements of the agent appointed to return a defendant from another state or country.

(b) Fees and travel allowance of witnesses for the state at the preliminary examination and the trial.

(c) Fees and disbursements allowed by the court to expert witnesses. Section 814.04(2) shall not apply in criminal cases.

(d) Fees and travel allowance of witnesses for the defense incurred by the county at the request of the defendant, at the preliminary hearing and the trial.

(e) Attorney fees payable to the defense attorney by the county or the state.

(2) The court may remit the taxable costs, in whole or in part.

[7] 97 Wis. 2d 473, 293 N.W.2d 522 (1980).

[8] The Wisconsin Supreme Court has repeatedly held that a criminal contempt is not a criminal offense. *State ex rel. Jenkins v. Fayne,* 24 Wis. 2d 476, 479, 129 N.W.2d 147, 149 (1964); *Farrell v. Phillips,* 140 Wis. 611, 617, 123 N.W. 117, 119 (1909). In both *Jenkins* and *Farrell,* this holding was predicated on the fact that the respective contempt statutes involved in those decisions included a separate provision for the trial as a criminal matter of the conduct constituting the contempt. The same is true in this instance. *See* sec. 757.07, Stats. (1977). Section 757.07 was repealed by sec. 10, ch. 257, Laws of 1979, effective May 10, 1980. *See* Committee Comment to sec. 785.03(1)(b), Wis. Stat. Ann. (1981).

757.06, Stats., forecloses the assessment of civil costs and attorneys' fees in such proceedings.

## CRIMINAL CONTEMPT

There are two forms of contempt of court—civil and criminal.[9] Civil contempt is remedial and coercive. It generally involves the enforcement of a private right through fines or imprisonment which can be purged by compliance with the order that led to the contempt. Criminal contempt, on the other hand, involves punishment for past actions that is determinate and not purgeable. Its purpose is to vindicate the authority and dignity of the court.[10]

All courts of record have the inherent power to punish for criminal contempt those who willfully and intentionally disobey their lawful orders.[11] However, that power is subject to reasonable legislative regulation.[12]

Section 757.04, Stats., outlines the procedure to be followed in criminal contempts. Unless the conduct constituting the contempt is committed within the presence of the court, the nonsummary procedure provisions of sec. 757.04(2) are applicable.[13] A nonsummary criminal contempt must be prosecuted on notice and verified petition by the district attorney, attorney general or a specially appointed attorney.[14] The defendant is entitled

[9] *State v. King*, 82 Wis. 2d 124, 129, 262 N.W.2d 80, 82 (1978). In *King*, the supreme court abolished a third category of contempt—civil contempt with punitive sanctions. *Id.* at 134–37, 262 N.W.2d at 85–86.

[10] *Id.* at 129–30, 262 N.W.2d at 82–83.

[11] Sec. 757.03(2), Stats. (1977). *See King, supra* note 9, at 136, 262 N.W.2d at 85.

[12] *King, supra* note 9, at 136, 262 N.W.2d at 85.

[13] Secs. 757.04(1)(a) and (2)(a), Stats. (1977).

[14] Sec. 757.04(2)(b), Stats. (1977).

to a reasonable time to prepare the defense, the right to bail, the substitution of a judge, and a presumption of innocence until proven guilty beyond a reasonable doubt.[15] The defendant is also entitled to a right against self-incrimination, the right to call witnesses, and the right to a jury trial if the sentence is for more than six months.[16]

Section 757.06, Stats., defines the available sanctions for criminal contempt. Under sec. 757.06(2) punishment for a nonsummary criminal contempt "in no case may exceed" a $5,000 fine and/or imprisonment for one year. Section 757.06(3) specifically provides that "[f]ines collected . . . may not be applied for the benefit of any party in a civil proceeding."

Costs are penal in nature.[17] We conclude that the language of sec. 757.06, Stats., prohibits the imposition of any penalty, including the assessment of costs, over and above the fines and imprisonment for nonsummary criminal contempt. We believe that sec. 757.06 is a reasonable legislative act that is clear and unambiguous. Therefore, the statute is not subject to interpretation.[18] We accordingly modify the judgment to delete the award of costs and attorneys' fees and affirm the judgment and order as modified.[19]

*By the Court.*—Judgment modified and, as modified, affirmed.

---

[15] *Id.*

[16] *King, supra* note 9, at 131, 262 N.W.2d at 83.

[17] *State ex rel. Korne v. Wolke*, 79 Wis. 2d 22, 26, 255 N.W.2d 446, 448 (1977).

[18] *State v. Derenne*, 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981).

[19] Although we have deleted the costs from the judgment, we do not imply that Share is entitled to reimbursement of $500 in travel expenses that it was ordered to pay to Pro. We view that payment as a condition to the adjournment of the trial obtained by Share.