DARWIN L. ZWIEG, District Attorney Clark County
You have requested my opinion on the question whether a person sentenced to the county jail for remedial contempt of court is eligible for "good time" against his sentence under section 53.43, Stats.
Inmates of county jails generally are eligible for good time credit against their sentences under section 53.43 which provides, in pertinent part: "Every inmate of a county jail is eligible to earn good time in the amount of one-fourth of his or her term for good behavior if sentenced to at least 4 days, but fractions of a day shall be ignored."
Resolution of the question you raise depends upon whether the person is incarcerated for civil (remedial) or criminal (punitive) contempt.
 There are two forms of contempt of court — civil and criminal. Civil contempt is remedial and coercive. It generally involves the enforcement of a private right through fines or imprisonment which can be purged by compliance with the order that led to the contempt. Criminal contempt, on the other hand, involves punishment for past actions that is determinate and not purgeable. Its purpose is to vindicate the authority and dignity of the court.
Share Corp. v. Pro-Specialties, Inc., 107 Wis.2d 318, 323,320 N.W.2d 24 (Ct.App. 1982) (footnotes omitted); State v. King,82 Wis.2d 124, 129-31, 262 N.W.2d 80 (1978); sec. 785.01(2) and (3), Stats. Also see Schroeder v. Schoessow, 108 Wis.2d 49,60-61, 321 N.W.2d 131 (1982); Schroeder v. Schroeder,100 Wis.2d 625, 632-38, 302 N.W.2d 475 (1981).
It is my opinion that one confined to the county jail for civil (remedial) contempt is not eligible to earn good time credit, but one confined to the county jail for criminal (punitive) contempt is eligible for good time credit under section 53.43.
The issue you raise is not controlled by Prue v. State,63 Wis.2d 109, 216 N.W.2d 43 (1974). In Prue, the court held that section 53.43 does not apply to persons confined to jail as a condition of their probation, but that the court could order good time credit for those inmates if it so chose. The court held that probation is not a *Page 98 
"sentence" and, consequently, the confinement in jail as a condition of probation is not a "sentence." 63 Wis.2d at 114,116. In the contempt situation, however, it is clear that the court has treated both the remedial and punitive sanctions as "sentences" when they involve jail time (or "imprisonment," the term used in chapter 785). Indeed, in Schroeder v. Schroeder, the court expressly refers to a purgeable "sentence of incarceration" for civil contempt. 100 Wis.2d at 639. Also see, generally,State v. King. Therefore, the remedial and punitive sanctions, when they involve incarceration in the county jail, are "sentences" for purposes of section 53.43.
Since the civil contempt order is remedial and coercive in nature, the sentence is indefinite: the inmate wins release, or "purges" the contempt, upon compliance with the court order which led to his incarceration in the first place.
 The fact that civil contempts are remedial or coercive, i.e., designed to force one party to accede to another's demand, is demonstrated by the statutory requirement that the sentences be purgeable. Civil contempt looks to the present and future and the civil contemnor holds the key to his jail confinement by compliance with the order.
State v. King, 82 Wis.2d at 130 (footnotes omitted).
Confinement for civil contempt may not exceed six months. Sec.785.04(1)(b), Stats. That does not make the sentence for civil contempt determinate or otherwise non-purgeable. When imposing a sentence for civil contempt, the judge must clearly spell out what the contemnor must do to purge the contempt. Schroeder v.Schroeder, 100 Wis.2d at 639. If the contemnor serves all six months, it is only because he chose never to comply with the court's order.
Confinement for criminal contempt, on the other hand, is for a fixed period of time. Unlike the civil contemnor, "the criminal contemnor is brought to account for a completed past action, his sentences are not purgeable and are determinate." State v. King,82 Wis.2d at 130. See sec. 785.04(2), Stats. Since he is serving a fixed term in the county jail, the criminal contemnor is in the same position as any other inmate serving time for a criminal conviction.
It is clear from the plain language of the good time statutes that good time is to be credited against fixed determinate sentences. Thus, under section 53.11(1), the mandatory release date for inmates confined in the state prison system "is established at two-thirds *Page 99 
of the sentence"; and under section 53.43, the county jail inmate is eligible to earn good time "in the amount of one-fourth of his or her term." It is both logically and mathematically impossible to compute fractions of indefinite sentences, such as those imposed upon civil contemnors. Therefore, it is my conclusion that the inmate serving time for criminal contempt is eligible for good time, but the inmate serving time for civil contempt is not.
One might question why civil and criminal contemnors should be treated differently regarding their eligibility for good time credit. The answer is simply because the civil contemnor does not need to earn time for good behavior, just as he does not need the constitutional protections that a criminal contemnor is entitled to receive. See State v. King, 82 Wis.2d at 131.
 The courts have evidently declined to extend these rights to the civil contemnor, not because he may not serve sentences as long or even longer than those served by a criminal contemnor but on the theory that these rights are unnecessary because he holds the key to his confinement.
Id.
Unlike the civil contemnor, the criminal contemnor wins early release from his fixed sentence only with good behavior. There is no valid reason to deny the criminal contemnor the same good time eligibility available to other inmates serving determinate sentences in the county jail.
In your letter, you phrase the issue in terms of "remedial" (civil) contempt. The first example you give, however, appears to be "criminal" in nature. In this example, you state that failure to make court-ordered support payments after a finding of contempt will result in issuance of a warrant and commitment order, and the contemnor "doing the 30 days." If this is in fact a non-purgeable thirty-day sentence, or if the court neglects to specify how the contempt can be purged within that thirty days, it is punitive in nature and the contemnor is entitled to good time credit.
As you describe it, however, your first example appears to be a creature not currently recognized by Wisconsin law. You describe a civil contempt order, but with a fixed criminal punishment. Further, there is no provision spelling out how the contemnor is to purge the *Page 100 
contempt. This takes on all appearances of criminal contempt but without the requisite procedural and constitutional safeguards. See sec. 785.03(1)(b), Stats.; State v. King, 82 Wis.2d at 131,137. If Clark County judges are in fact using a hybrid civil contempt proceeding with a criminal punishment, they had better take a closer look at chapter 785. Also see State v. King,82 Wis.2d at 137.
Your second example, on the other hand, appears to be remedial in nature. It provides that the contemnor who fails to make court-ordered job applications "may purge himself of the contempt by continuing to make job applications and report them to the child support agency." You do not, however, explain how the contemnor is able to make those job applications once he is incarcerated. Again, he must be permitted the opportunity to purge himself while serving his sentence, or it becomes criminal in nature. The court will have to spell out how he can comply with the job application order while he is incarcerated.
In your letter, you also ask whether a court may enter an order denying good time to a contemnor who is otherwise eligible. It is my opinion that the court has no such authority. An order denying good time eligibility to a criminal contemnor in county jail would violate the express terms of section 53.43 which plainly make all county jail inmates eligible for good time credit at the rate of one-fourth of their sentences. There is no provision authorizing a sentencing court to deny good time eligibility. Loss of good time occurs only if the inmate engages in misconduct after he has begun serving his sentence. The criminal contemnor, like any other inmate convicted of a crime, is eligible for good time in the jail during good behavior. Since the civil contemnor is not entitled to good time credit at all, there is no need for a court order denying good time.
BCL:DJO