IN RE the MARRIAGE OF:

Penny A. BIEL, Petitioner-Respondent,

v.

John M. BIEL, Appellant.

Court of Appeals

*No. 86–0349. Submitted on motion February 21, 1986.—
Decided March 25, 1986.*

(Also reported in 387 N.W.2d 295.)

For the appellant the cause was submitted on the motion of *Linda S. Balisle* and *Stolper, Koritzinsky, Brewster & Neider, S.C.,* of Madison.

For the petitioner-respondent the cause was submitted on the response of *John S. Schlom* of Juneau.

Before Gartzke, P.J., Dykman and Eich, JJ.

PER CURIAM. John Biel appeals an order finding him in contempt of court and committing him to the county jail. The contempt was prosecuted by the family court commissioner for nonpayment of child support. The primary issue is whether the contempt proceeding was "prosecuted by the state" within the meaning of sec. 785.03(3), Stats., so that criminal, rather than civil, rules apply to the appeal. We answer the question in the affirmative.

The Rules of Appellate Procedure distinguish between civil and criminal appeals. Section 808.04(1), Stats., states the general requirement that appeals in civil cases are to be taken within ninety days of entry of the order of judgment (forty-five days if notice of entry is provided). Rule 809.30, Stats., applicable to felony cases, sets forth different motion and appeal procedures and different time limitations.

Section 785.03(3), Stats., provides that appeals from contempt adjudications shall be undertaken in accordance with Rule 809.30, Stats., "if the proceeding was prosecuted by the state." Because sec. 785.03(3) does not define the quoted phrase, Biel initiated both

appellate and criminal postcommitment proceedings. He filed both a notice of appeal under sec. 808.04, Stats., and a notice of intent to pursue postconviction relief under sec. 809.30(2). On March 3, 1986, we denied his request for a stay of the commitment pending appeal under sec. 808.07, Stats. Biel also moves this court for an extension of time under Rule 809.30 for the trial court to decide postjudgment motions filed March 28, 1985. The motions address an earlier contempt order that was entered sometime before March 28, 1985. Because we interpret his appeal in case No. 86–0349 as a "criminal" appeal, we grant an extension in his postjudgment criminal proceedings in circuit court case No. 82–FA–64.[1] *State v. Rembert,* 99 Wis. 2d 401, 406 n.4, 299 N.W.2d 289, 292 (Ct. App. 1980); Rule 809.82(2).

■
The phrase "prosecuted by the state," as used in sec. 785.03(3), Stats., includes a prosecution by the family court commissioner for remedial contempt for non-payment of child support. If child support or maintenance ordered by the court has not been paid, the clerk of court or family court commissioner "shall take such proceedings as either of them deem advisable to secure the payment of the sum including enforcement by contempt proceedings under ch. 785." Section 767.29(1), Stats. The word "shall" is generally mandatory. *Karow v. Milwaukee County Civil Serv. Comm.,* 82 Wis. 2d 565,

---

[1] If we held that the appeal was intended as a civil appeal under sec. 808.04(1), Stats., we would have been required to dismiss it. The appeal could only have been taken as a criminal appeal under Rule 809.30. We would have granted an extension of time to file postjudgment motions and a new appeal under the rules for criminal appeals.

570, 263 N.W.2d 214, 217 (1978). Because "shall" pertains to enforcement of a court order, we hold it is used in its mandatory sense. The statute reflects legislative concern over nonpayment of child support and the importance of the problem. We interpret the statute to make the family court commissioner an arm of the state when prosecuting a remedial contempt.

Our decision is based solely on our reading of sec. 767.29(1), Stats. We do not decide whether the contempt proceeding is an exercise of the state's police power within the meaning of *Brotzman v. Brotzman,* 91 Wis. 2d 335, 283 N.W.2d 600 (Ct. App. 1979), which requires the appointment of counsel for indigent individuals in remedial contempt proceedings prosecuted by the district attorney.

Because his is a "criminal" appeal under the rule, Biel may seek release pending postjudgment proceedings. Rule 809.31, Stats. The rule requires the defendant to post a bond. Rule 809.31(6). If release is denied, the defendant may seek a permissive appeal from the denial of release. Rule 809.31(5). If we allow the permissive appeal, we review the denial for abuse of discretion. *State v. Whitty,* 86 Wis. 2d 380, 272 N.W.2d 842 (1978). Release must first be sought in the trial court, and the trial court must make findings on the criteria contained in Rule 809.31. The trial court may impose a monetary condition of release. *See State v. Barnes,* 127 Wis. 2d 34, 377 N.W.2d 624 (Ct. App. 1985).

A defendant may file a criminal appeal without filing postjudgment motions. Rule 809.30(2)(h), Stats. Biel has appealed the January 23, 1986, contempt order without making postjudgment motions. Failure

to make postjudgment motions may waive issues on appeal. *See State v. Monje,* 109 Wis. 2d 138, 325 N.W.2d 695 (1982); sec. 974.02(2), Stats. If Biel wishes to file postjudgment motions from the January 23, 1986 contempt order, he should voluntarily dismiss the appeal.

*By the Court.*—The appeal from the January 23, 1986, contempt order is a criminal appeal under sec. 785.03(3) and Rule 809.30, Stats. The time for the trial court to decide postjudgment motions in circuit court case No. 82–FA–64 is extended to May 30, 1986. The extension governs the postjudgment motions filed March 28, 1985, and any postjudgment motions eventually filed to challenge the January 23, 1986, contempt order. If Biel voluntarily dismisses his pending appeal and wishes to file postjudgment motions, he may do so within thirty days of the date of this opinion. A notice of appeal may be filed within twenty days from the date that the trial court decides postjudgment motions or May 30, 1986, whichever is later.