IN the MATTER OF the FINDING OF CONTEMPT
IN STATE v. John SIMMONS: Brian McGEE, Appel-
lant, †

v.

RACINE COUNTY CIRCUIT COURT, the Honorable
Jon B. Skow, presiding, Respondent.

Court of Appeals

*No. 88–0831–CR. Argued March 21, 1989.—Decided April 12,
1989.*

(Also reported in 441 N.W.2d 308.)

† Petition to review denied.

On behalf of the appellant, there were briefs and oral argument by *Patricia K. Flood,* assistant state public defender.

On behalf of the respondent, there were briefs by *Donald J. Hanaway,* attorney general, and *James H. McDermott,* assistant attorney general. Oral argument by *James H. McDermott,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   Brian McGee appeals from judgments of commitment following findings of summary contempt. We hold that such appeals must be undertaken pursuant to the time constraints set forth in sec. 808.04(1), Stats. Because McGee initiated his appeal in an untimely fashion, this court lacks jurisdiction and we dismiss.

McGee was subpoenaed for the purpose of being the first state's witness in a trial for attempted first-degree murder. However, after the jury was impaneled, he informed the court that he would not testify. The court summarily held McGee in contempt and imposed a thirty-day jail sentence as a sanction. Over the course of two days, McGee was four more times brought before the court and four more times refused to testify. Following each refusal, a finding of contempt was made and a thirty-day sanction imposed. The jail terms were made consecutive to each other and consecutive to a prison term McGee was then serving. McGee was declared an unavailable witness on June 4, 1987. The notice of appeal from the judgments of commitment was filed on April 29, 1988.

■
Contempt procedures are set forth in ch. 785, Stats. Under sec. 785.03(2), a presiding judge may summarily impose a punitive sanction upon a person who commits a contempt of court in the actual presence of the court. Section 785.03(3) states:

APPEAL. A defendant aggrieved by a determination under this chapter may appeal in accordance with s. 809.30 if the proceeding was prosecuted by the state.

McGee asserts that the instant contempt findings are appealable pursuant to sec. 809.30, Stats., by virtue of sec. 785.03(3). We disagree.

Statutory interpretation is a question of law. *State v. Gavigan,* 122 Wis. 2d 389, 391, 362 N.W.2d 162, 164 (Ct. App. 1984). In interpreting a statute, we first look to its language, and if the language is clear, we do not resort to extrinsic aids or rules of construction for assistance. *Marshall-Wisconsin Co. v. Juneau Square Corp.,* 139 Wis. 2d 112, 133, 406 N.W.2d 764, 772 (1987). Whether a statute is clear or ambiguous is itself a question of law. *Pabst Brewing Co. v. Wisconsin Dep't of Revenue,* 130 Wis. 2d 291, 295, 387 N.W.2d 121, 122 (Ct. App. 1986).

Section 785.03(3), Stats., is clear. It allows an appeal pursuant to sec. 809.30, Stats., if a contempt finding follows prosecution by the state. Thus, it clearly requires that a prosecution have occurred before sec. 809.30 can be used.

However, if summary contempt means anything, it means that a finding of contempt is made without a prosecution. Summary contempt is a court-imposed finding undertaken without process, brought about by a contumacious act in the presence of the court. While there is a limited right to allocution, the right is exercised after the finding is made. *Currie v. Schwalbach,* 139 Wis. 2d 544, 558–59, 407 N.W.2d 862, 868 (1987).

While nonsummary contempt is prosecuted on notice by petition or motion, summary contempt is not. *See Share Corp. v. Pro-Specialties, Inc.,* 107 Wis. 2d 318, 323, 320 N.W.2d 24, 27 (Ct. App. 1982). *Compare* sec. 785.03(1), Stats., *with* sec. 785.03(2), Stats. The term "summary" refers to a procedure which dispenses with the formality, delay, and digression that would

result from the issuance of process, service of complaint and answer, holding hearings, taking evidence, listening to argument, awaiting briefs, submission of findings, and all that goes with a conventional court trial. *Sacher v. United States,* 343 U.S. 1, 9 (1952). No prosecution takes place when a court exercises its summary power.

Further, when a trial court holds a person in summary contempt, it is not thereby made an arm of the state. This court previously determined that when a family court commissioner prosecutes a defendant who has failed to pay child support for contempt, he acts as an arm of the state. *Biel v. Biel,* 130 Wis. 2d 335, 338, 387 N.W.2d 295, 296 (Ct. App. 1986). *Biel,* however, turned on our interpretation of sec. 767.29(1), Stats. That statute mandates action by the court commissioner when child support obligations are improperly avoided, including enforcement by contempt proceedings. Therefore, since the statute reflects legislative concern over nonpayment of child support and the importance of the problem, we interpreted the statute as making the court commissioner an arm of the state when he enforces the obligation by a contempt prosecution. *Biel,* 130 Wis. 2d at 338, 387 N.W.2d at 296.

█ Section 785.03(2), Stats., does not reflect a legislative intent that a judge acts as an arm of the state during summary contempts. Rather, it reflects that all courts of record have inherent power to punish for contempt those who offend the authority or dignity of that court. *In re D.A.A.P.,* 117 Wis. 2d 120, 126, 344 N.W.2d 200, 203 (Ct. App. 1983); *In re Kading,* 74 Wis. 2d 405, 411, 246 N.W.2d 903, 906 (1976). The judicial power is subject to reasonable legislative regulation. *Share Corp.,* 107 Wis. 2d at 323, 320 N.W.2d at 27. While the summary contempt statute represents such regulation, it does not

render summary use of the inherent contempt power an exercise by an arm of the state.

McGee suggests that the colloquies in open court between judge and district attorney as to how to proceed in the face of his recalcitrance means that these contempts were something other than the sole exercise of judicial power. He suggests that the discussions resulted in his being prosecuted by the state because the judge found summary contempt upon the district attorney's recommendation. *See* sec. 785.03(1)(b), Stats. We disagree.

Nonsummary contempt procedure pursuant to sec. 785.03(1)(b), Stats., requires issuance of a complaint. Whether rightly or wrongly imposed, these contempt procedures were summarily undertaken without motion or complaint: the contempts were committed in the actual presence of the court; the sanctions were imposed for the stated purposes of preserving order in the court and protecting the authority and dignity of the court; and the sanctions were imposed immediately after the contempts. *See Currie,* 139 Wis. 2d at 552, 407 N.W.2d at 866. That the trial court expressed hesitancy as to whether it would make the findings absent the district attorney's recommendation does not change their nature. We hold that these summary procedures were not prosecuted by the state in a *de facto* manner so as to fall within the ambit of sec. 785.03(3).

McGee argues that irrespective of the plain language in sec. 785.03, Stats., sec. 808.04(3), Stats., provides a basis for an appeal of this action under sec. 809.30, Stats. Section 808.04(3)[1] provides that an appeal in a criminal

---

[1] Section 808.04(3), Stats., reads:

Except as provided in subs. (4) and (7), an appeal in a criminal case

case, and cases under chs. 48, 51 and 55, Stats., shall be initiated within the time period specified in sec. 809.30. This directive too is unambiguous.

Chapter 785, Stats., specifically does not draw civil and criminal contempt designations. *See* sec. 785.01, Stats. Annot., committee comment 2 and 3. Contempt proceedings are *sui generis* and are neither civil actions nor criminal prosecutions within the ordinary meaning of those terms. *See, e.g., State v. Rhodes,* 222 N.W.2d 837, 839 (Neb. 1974), *cert. denied,* 420 U.S. 980 (1975). Further, summary contempt proceedings do not arise under chs. 48, 51 or 55, Stats. We hold that contempt procedures fall outside the ambit of sec. 808.04(3), Stats.

The correct statute for initiating an appeal for summary contempt is found in sec. 808.04(1), Stats., which states:

> An appeal to the court of appeals must be initiated within 45 days of entry of judgment or order appealed from if written notice of the entry of judgment or order is given within 21 days of the judgment or order as provided in s. 806.06(5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law.

We conclude that this section governs the instant appeal. No express provision exists freeing this appeal from sec. 808.04(1) and its time constraints.

Section 809.10(1)(b), Stats., requires the timely filing of an appeal for this court to acquire jurisdiction. The instant appeal was filed some ten months after McGee was held in contempt, long after the time to appeal pursuant to sec. 808.04(1), Stats., had expired.

---

or a case under ch. 48, 51 or 55 shall be initiated within the time period specified in s. 809.30.

We conclude that we are without jurisdiction to decide the substantive question presented.

*By the Court.*—Appeal dismissed.