STATE of Wisconsin EX REL. Steven STEDMAN, Petitioner-Appellant,

v.

Robert L. ROHNER, Sheriff of Racine County, Respondent.

Supreme Court

*No. 87–1272. Argued March 28, 1989.—Decided April 26, 1989.*

(Also reported in 438 N.W.2d 585.)

For the petitioner-appellant there was a brief and oral argument by *Michael Plaisted,* assistant state public defender.

For the respondent there was a brief by *Mark Janiuk, Kevin Van Kampen,* and *William H. Honrath,* all of Racine, and oral argument by *Mr. Honrath.*

Amicus curiae brief was filed by *Donald P. Johns,* assistant attorney general, and *Donald J. Hanaway,* attorney general, for the State of Wisconsin.

LOUIS J. CECI, J.   This case is before the court on certification from the court of appeals, pursuant to sec. (Rule) 809.61, Stats. Two issues are presented. The first issue is whether the initiation of an action by a family court commissioner for remedial contempt to enforce child support obligations contravenes Wisconsin law. The second issue is whether the initiation of an action by a family court commissioner for remedial contempt to enforce child support obligations gives the appearance of impropriety. We hold that a family court commissioner is expressly authorized under Wisconsin law to initiate actions for remedial contempt to enforce child support obligations. We also hold that the initiation of an action by a family court commissioner for remedial contempt to enforce child support obligations does not give the appearance of impropriety.

The facts in this case are as follows. On July 11, 1986, Racine County Circuit Court Judge James Wil-

bershide found the appellant to be in contempt of court for nonsupport. The underlying order to show cause was brought by a family court commissioner, who claimed he was acting on behalf of the Racine county child support agency. The child support agency had entered into a written contract with the Racine county family court commissioner's office, which provided that the family court commissioner's office would represent the child support agency in all matters pending before the family court which involved child support. The services to be provided by the family court commissioner included enforcing support orders arising out of divorce actions, legal separations, and annulments.

After the appellant was found in contempt and incarcerated, he filed a habeas corpus proceeding, asking for the issuance of a writ releasing him from the twenty-day commitment to the Racine County Jail which was imposed by the circuit court. At the habeas corpus proceeding, the appellant argued that the actions taken by the family court commissioner violated secs. 757.22, 757.23, 46.25, Stats.[1] The respondent

---

[1]Section 757.22, Stats., provides in relevant part as follows:

**757.22 Judge not to act as attorney, etc.; attorneys not to have office with judge. (1)** No judge, while holding office, may be in any manner engaged or act as attorney or counsel; and no judge or his or her clerk or any person employed by the judge in or about his or her office, court commissioner or other judicial officer shall be allowed to give advice to parties litigant in any matter or action pending before the judge or officer, or which the judge has reason to believe will be brought before him or her for decision, or draft or prepare any papers, including wills, or other proceedings relating to any such matter or action except when expressly authorized by law . . . .

Section 757.23. Stats., provides in relevant part as follows:

**757.23 Court commissioner, when disqualified.** A court commissioner, or any judge acting as a court commissioner, shall

maintained that the actions taken by the family court commissioner were authorized by secs. 767.29(1), 767.13(7), and 767.02.[2]

not act or take part in the decision of, or make any order in any matter or proceeding in which he or she is a party, or in which his or her rights would be in any manner affected by his or her decision or order thereon, or in which he or she is interested, or in which his or her law partner, or any person connected with him or her as employer, employe or clerk, or in the law business in any manner, shall be interested or appear as a party, agent, attorney or counsel
. . . .

Section 46.25, Stats., provides in relevant part as follows:

**46.25  Child and spousal support; establishment of paternity; medical liability. . . .**
. . .
**(7)  (a)**  . . . The department [of health and social services] may delegate its authority to represent the state in any action to establish paternity or to establish or enforce a support or maintenance obligation under this section to the district attorney, or corporation counsel when authorized by county board resolution, pursuant to a contract entered into under s. 59.07(97). The department shall ensure that any such contract is for an amount reasonable and necessary to assure quality service. The department may, by such a contract, authorize a county to contract with any attorney, collection agency or other person to collect unpaid child support or maintenance . . . .

[2] Section 767.29(1), Stats., provides in relevant part as follows:

**767.29  Maintenance payments, clerk of court, family court commissioner, fees and compensation. (1)**  . . . If the maintenance payments payments or support money adjudged or ordered to be paid shall not be paid to the clerk at the time provided in the judgment or order, the clerk or the family court commissioner of the county shall take such proceedings as either of them deems advisable to secure the payment of the sum including enforcement by contempt proceedings under ch. 785 or by other means . . . .

Section 767.13(7), Stats., provides as follows:

**767.13  Family court commissioner; appointment; powers; oaths; assistants. . . .**

The circuit court, John C. Ahlgrimm, Circuit Judge, held that secs. 767.02, 767.13(7) and 767.29(1), Stats., specifically authorized the family court commissioner's actions in representing the child support agency. In addition, the circuit court held that the family court commissioner represents the public interest when he or she brings a contempt proceeding to enforce an existing order or judgment of the court, and in bringing such an action the family court commissioner is merely reporting nonpayment to the court for appropriate judicial action. Consequently, the circuit court dismissed the appellant's writ of habeas corpus.

The issues to be decided in this case require the interpretation and application of statutes to a set of undisputed facts. Therefore, the issues presented are questions of law, and this court need not give deference to the determination of the lower court. *Green Bay Redevelopment Authority v. Bee Frank,* 120 Wis. 2d 402, 409, 355 N.W.2d 240 (1984).

On appeal, the appellant contends that representation of the child support agency by the family court commissioner violates Wisconsin statutes and case law regarding the permissible activities of judicial officers and court commissioners. More specifically, the appel-

---

**(7)** Cooperation. Each family court commissioner shall cooperate with the county and the department of health and social services to ensure that all dependent children receive reasonable and necessary child support.

Section 767.02, Stats., provides in relevant part as follows:

**767.02 Actions affecting the family. (1)** Actions affecting the family are:

. . .

(f) For child support, including an action under s. 767.65.

. . .

150

lant argues that sec 757.22, Stats., prohibits court commissioners from giving advice to parties litigant in any matter or action pending before the court commissioner and prohibits the court commissioner from drafting any papers or taking part in proceedings related to any matter pending before the commissioner except when expressly authorized by law. The appellant disagrees with the respondent's contention that sec. 767.29(1), provides in this case express authorization, because the appellant maintains that the sort of activities contemplated by sec. 767.29(1) are ministerial duties as authorized in sec. 757.69(4). The appellant contends that sec. 767.29(1) merely allows the family court commissioner and the clerk of court to monitor child support payments and, if payment is not received, then the family court commissioner or the clerk, on behalf of the court, can attempt to secure payment by contempt proceedings or otherwise. However, the appellant argues that sec. 767.29(1) does not authorize the family court commissioner to take any action in which he or she actually represents one party in an action against another, and the family court commissioner's actions on behalf of the child support agency amount to the family court commissioner acting as an advocate for one party in the action.

The appellant also asserts that sec. 46.25(7), Stats., allows only the district attorney or the corporation counsel, and not the family court commissioner, to represent the child support agency in child support enforcement proceedings. The appellant contends that sec. 46.25(7) does not allow the child support agency to contract with anyone other than the district attorney or corporation counsel to provide services in collecting unpaid child support. Finally, the appellant argues that the prosecution of a contempt proceeding by the family

court commissioner, who is a subordinate of the court, on behalf of a private party to an action deprives the person against whom the action is brought of his or her due process rights to a fair and impartial tribunal.

The respondent, on the other hand, asserts that the family court commissioner is charged with a special duty to protect the public interest in matters arising out of the dissolution of marriages and that there can be no dispute that the public has a keen interest in the enforcement of child support payments. The respondent maintains that sec. 767.29(1), Stats., envisions the family court commissioner taking an active role in enforcing support orders. The respondent argues that the court of appeals in *In re Marriage of Biel v. Biel,* 130 Wis. 2d 335, 387 N.W.2d 295 (Ct. App. 1986), held that sec. 767.29(1), makes the family court commissioner an arm of the state when prosecuting remedial contempt proceedings. The respondent also asserts that secs. 767.29(1) and 46.25(7), expressly permit the family court commissioner to act on behalf of the child support agency in enforcing child support orders.

Finally, the respondent denies that prosecution of remedial contempt proceedings to enforce child support obligations violates any due process rights. The respondent asserts that the family court commissioner merely prepares an order to show cause for contempt of court, compels the nonpaying parent to appear before the appropriate circuit court judge, and makes recommendations to the court. It is the circuit court which actually makes the assessment as to whether the nonpaying party is able to pay and fashions the appropriate remedy.

We find that sec. 767.29(1), Stats., provides an express authorization for the initiation of an action by the family court commissioner for remedial contempt to

enforce child support obligations. The family court commissioner has an express duty under sec. 767.29(1) to take such proceedings as the family court commissioner deems advisable to secure the payment of maintenance payments or support money adjudged or ordered to be paid when such payment is not made to the clerk of court at the time provided in a judgment or an order. The means of enforcement of such orders include contempt proceedings under ch. 785, or any appropriate remedy. *Biel,* 130 Wis. 2d at 337. Therefore, we conclude that the appellant's contention that sec. 757.22, prohibits the family court commissioner from initiating remedial contempt proceedings is without merit.

In addition, contrary to the assertions made at various times by both parties, we hold that the family court commissioner does not act as an advocate for a party benefitted, nor does the family court commissioner represent any party to the underlying action when he or she initiates an action for remedial contempt to enforce child support obligations. Rather, the family court commissioner in such a proceeding is representing the public's interest and the court's interest in assuring that the orders of the courts of Wisconsin are obeyed. The contract between the family court commissioner and the Racine county child support agency merely confirms the family court commissioner's responsibility under sec. 767.29(1), Stats., to take such proceedings as he or she deems advisable to secure the payment of maintenance payments or support money ordered to be paid.

██

The family court commissioner, in the context of a remedial contempt proceeding, initiates the contempt

action pursuant to sec. 785.06, Stats.[3] The family court commissioner simply reports the fact of nonpayment to the circuit court for appropriate judicial action and makes recommendations to the court in regard to the matter. After the family court commissioner makes a prima facie showing of a violation of the court's order, the burden of proof is on the person against whom contempt is charged to show that his or her conduct is not contemptuous. *Joint School Dist. No. 1 v. Wisconsin Rapids Education Assoc.,* 70 Wis. 2d 292, 320, 234 N.W.2d 289 (1975).

The family court commissioner does not determine whether the alleged contemner is in fact in contempt.

---

[3] Section 785.06, Stats., provides as follows:

**785.06 Court commissioners, municipal courts and administrative agencies.** A court commissioner, municipal court or state administrative agency conducting an action or proceeding or a party to the action or proceeding may petition the circuit court in the county in which the action or proceeding is being conducted for a remedial or punitive sanction specified in s. 785.04 for conduct specified in s. 785.01 in the action or proceeding.

The appellant asserts that the family court commissioner in this case brought the contempt action pursuant to sec. 785.03, Stats., on behalf of a "person aggrieved." Section 785.03, Stats., provides in relevant part as follows:

**785.03 Procedure. (1)** Nonsummary procedure (a) *Remedial sanction.* A person aggrieved by a contempt of court may seek imposition of a remedial sanction for the contempt by filing a motion for that purpose in the proceeding to which the contempt is related. The court, after notice and hearing, may impose a remedial sanction authorized by this chapter.

. . .

There is nothing in this record to support this contention. Moreover, even if the contention is true, we would nonetheless affirm the actions of the family court commissioner because the commissioner is entitled to initiate such a contempt action under sec. 785.06.

154

Furthermore, the family court commissioner does not possess the ultimate authority to set an original support order because upon the motion of any party, any decision of the family court commissioner shall be reviewed by the judge of the branch of the court to which the case has been assigned, and any such review shall include a new hearing on the subject of the decision, order, or ruling. Sec. 767.13(6), Stats.

Consequently, we hold that the initiation of the action by the family court commissioner for remedial contempt to enforce child support obligations in the present case was specifically authorized by sec. 767.29(1), Stats., and did not deny the appellant due process, because a neutral and detached judge presided over the appellant's contempt proceeding. *See In re Marriage of Murray v. Murray,* 128 Wis. 2d 458, 462–63, 383 N.W.2d 904 (Ct. App. 1986). In addition, we find that the initiation of the remedial contempt action by the family court commissioner did not give the appearance of impropriety because the family court commissioner was merely bringing to the attention of the court the fact that the appellant had not been complying with the court's previously entered support order.

*By the Court.*—The order of the circuit court is affirmed.