STATE EX REL. JENKINS, Plaintiff, v. FAYNE, Defendant. COGGS, Appellant, v. COUNTY COURT OF MILWAUKEE COUNTY, Respondent.

*June 4—June 30, 1964.*

For the appellant there was a brief and oral argument by *Harvey L. McCormick* of Milwaukee.

For the respondent the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, and *William A. Platz,* assistant attorney general.

DIETERICH, J.   The facts are not in dispute. Appellant Coggs is an attorney, and was retained to represent the defendant in a paternity proceeding before the county court. The county court called the case for trial on April 23, 1963, and neither the defendant nor Mr. Coggs was present. No explanation of their absence was given at the time. The trial began, and the testimony of the complaining witness was being taken when the defendant Fayne entered the courtroom alone. The complaining witness' testimony was read to the defendant, and he was then examined. At 9:40 a. m., after the testimony was closed, Attorney Coggs appeared and the county court held him in contempt and fined him $25.

Coggs served a notice of appeal to the circuit court for Milwaukee county, and the appeal was assigned to the civil division of the circuit court. The circuit court dismissed the appeal, and stated in a memorandum decision that the contempt for which Mr. Coggs was cited was a criminal contempt committed in a branch of the civil division of the county court; and that sec. 299.30 (3), Stats.,[1] does not authorize an appeal to the circuit court from a citation for criminal contempt.

The only issue before this court is whether the circuit court had jurisdiction to hear the appeal from the order of the county court finding appellant Coggs in contempt.

The circuit court stated in its memorandum decision that the appeal should have gone to the supreme court and not the circuit court. Sec. 274.09 (1), Stats., provides in part as follows:

"Appeals to the supreme court may be taken from the circuit courts unless expressly denied and also from the county courts except where express provision is made for an appeal to the circuit court . . ."

Sec. 324.01, Stats., is entitled, "Appeals from county court," and provides in part that:

"Any person aggrieved by any order or judgment of the county court may appeal therefrom to the supreme court, and the provisions of chapter 274 shall apply."

There is no statute authorizing appeals to the circuit court from county court contempt citations.

The appellant argues, however, that the alleged offense for which he was fined was a misdemeanor, and therefore

---

[1] Sec. 299.30 deals with appeals from judgments entered in small claims actions, and provides in part that:

"(3) . . . within 20 days after the date of mailing of notice of entry of the judgment, as appears in the case docket, any appeal . . . may be taken to the circuit court by any party to an action or proceeding from any final judgment . . ."

appealable to the circuit court under sec. 958.075 (1), Stats., which reads in part as follows:

"MISDEMEANOR APPEALS FROM COUNTY COURT. (1) Appeals in misdemeanor cases are to the circuit court for the county . . ."

A misdemeanor is defined by sec. 939.60, Stats., in the following terms:

"A crime punishable by imprisonment in the state prison is a felony. Every other crime is a misdemeanor."

Thus, in arguing that contempt is a misdemeanor the appellant assumes that it is a crime. The punishment for contempt is set forth not in the criminal code, but under the chapter dealing with general court provisions (ch. 256, Stats.), and also in the chapter specifically devoted to "contempts in civil actions." (Ch. 295, Stats.) It is true that contempt is punishable by fine or by imprisonment or both, pursuant to secs. 256.06 and 295.13, Stats.; and it is also true that sec. 256.03 speaks of "criminal contempt." However, from a reading of sec. 256.07,[2] it is clear that the legislature has not deemed all so-called "criminal contempt" citations to be "crimes," for that section provides for possible criminal prosecution in addition to the punishment imposed by the other sections of ch. 256. Sec. 295.17 similarly subjects persons proceeded against under ch. 295 to an indictment or information for "the same misconduct" if it be an indictable offense.

This court, under an earlier statute, held that conviction of contempt of court was not "conviction of a criminal offense." *Farrell v. Phillips* (1909), 140 Wis. 611, 617, 123

---

[2] Sec. 256.07 "CRIMINAL PROSECUTION FOR CONTEMPT. Persons punished for a contempt, under the preceding provisions, shall, notwithstanding, be liable to indictment or information for such offense; but the court before which a conviction shall be had on such indictment or information shall, in forming its sentence, take into consideration the punishment before inflicted. . . ."

N. W. 117. See also *State ex rel. Rodd v. Verage* (1922), 177 Wis. 295, 324, 325, 187 N. W. 830. Although a person punished for contempt may be liable to indictment and information for such offense, a "criminal contempt" is not a crime or misdemeanor as those terms are generally defined in the statutes.

In the absence of statutory authorization for appeals from county court to circuit court, the proper route for an appeal in the instant situation is via appeal to the supreme court. The appellant's failure to follow the statutory procedures for appeal is fatal in the instant action.

We determine that the circuit court was correct in concluding that it did not have jurisdiction to hear the appeal.

*By the Court.*—Order affirmed.