STATE, Appellant, v. MANDO ENTERPRISES, INC., d/b/a AD LIB, Respondent. [Two appeals.] *

*Nos. State 64, 65. Argued November 29, 1972.—Decided January 3, 1973.*
(Also reported in 203 N. W. 2d 64.)

* Motion for rehearing denied, without costs, on February 27, 1973.

802

For the appellant the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondent there was a brief and oral argument by *Joseph P. Balistrieri* of Milwaukee.

ROBERT W. HANSEN, J. Are violations of the law governing beer credit [1] and liquor credit [2] "crimes?" That is the only question raised on this appeal.

---

[1] Sec. 66.054 (8a) (c), Stats., providing: "No retail licensee shall receive, purchase or acquire fermented malt beverages directly or indirectly from any licensee if at the time of such receipt, purchase or acquisition he is indebted to any licensee for fermented malt

The case for holding a violation of either of the two statutes involved a "crime" rests squarely on the wording of the statutes involved. The first such is the statute defining a crime to be ". . . conduct which is prohibited by state law and punishable by fine or imprisonment or both. Conduct punishable only by a forfeiture is not a crime." [3] This statutory definition of a crime applies to the beer and liquor credit statutes [4] involved in this appeal.

The penalty section of sec. 66.054, Stats., relating to beer credit, is sec. 66.054 (15), and reads:

"(15) PENALTIES. (a) Any person who shall violate any of the provisions of this section shall be deemed *guilty of a misdemeanor*, and *upon conviction* shall be punished by a *fine* of not more than $500, or *by imprisonment* in the county jail for a term of not more than 90 days . . . ." (Emphasis supplied.)

However, there is a special limitation on the penalties that may be imposed under the above penalty section. It is contained in sec. 66.054 (8a) (h), Stats., and reads:

---

beverages received, purchased, acquired or delivered more than 15 days prior thereto."

Sec. 66.054 (8a) (f), Stats., providing: "No class 'A' or class 'B' retailer's license shall be issued for a term beginning on or after July 1, 1956, to any person having any indebtedness to any licensee of more than 15 days' standing. In each application for a license for a term beginning on or after July 1, 1956, the applicant shall state whether or not he has any indebtedness to any licensee which has been outstanding more than 15 days."

[2] Sec. 176.05 (23) (c), Stats., providing: "No retail licensee shall receive, purchase or acquire intoxicating liquors directly or indirectly from any permittee if at the time of such receipt, purchase or acquisition he is indebted to any permittee for intoxicating liquors received, purchased, acquired or delivered more than 30 days prior thereto."

[3] Sec. 939.12, Stats.

[4] By virtue of sec. 939.20, Stats., providing: "Sections 939.22 and 939.23 apply only to crimes defined in the criminal code. Other sections in ch. 939 apply to crimes defined in other chapters of the statutes as well as to those defined in the criminal code."

"(h) Any retail licensee who violates this subsection shall be subject to the suspension or revocation of his retail license under sub. (17) and the penalties prescribed in sub. (15) (a), except that he *shall not be imprisoned.*" (Emphasis supplied.)

The situation is near identical as to the law restricting credit on purchase of intoxicating liquors. There the general penalty section, sec. 176.41, Stats.,[5] provides for fine or imprisonment, and sec. 176.05 (23) (g), provides "except that he shall not be imprisoned." [6]

Violating either the beer credit or liquor credit laws subjects the violator only to the payment of a fine. However, the state argues, this does not erase from the penalty sections involved the reference in one to "guilty of a misdemeanor," "upon conviction," "punished by a fine," or from the other the references "shall be fined" and "convicted." This is particularly so, the state argues, because the applicable definition of "crime" is prohibited conduct punishable by fine or imprisonment or both.

The basis for the respondent's position that the "fine" referred to in the two penalty sections is not a criminal fine, but a civil forfeiture, derives from language used

[5] Sec. 176.41, Stats., providing:

"Penalties. Any person who shall violate any of the provisions of this chapter for which a specific penalty is not herein provided shall be *fined* not more than $500 or *imprisoned* not more than 90 days, or both, and any license issued to him shall be subject to revocation by a court of record in its discretion. In the event that any such person shall be *convicted* of a 2nd offense, under this chapter such *offender*, in addition to the penalties herein provided, shall forthwith forfeit the right to purchase any stamps from the secretary of revenue, and any license which may have been issued to him by any city, village or town shall without notice be forthwith forfeited. . . ." (Emphasis supplied.)

[6] Sec. 176.05 (23) (g), Stats., providing:

"Any retail licensee who violates this subsection shall be subject to the suspension or revocation of his retail license under s. 176.121 and the penalties prescribed in s. 176.41, *except that he shall not be imprisoned.*" (Emphasis supplied.)

in the *Roggensack Case.*[7] That case involved two tax law provisions, both prohibiting essentially the same conduct, to wit, failure to file tax returns and fraud. One section provided a violator would be subject to a "penalty of not less than $100 and not to exceed $5,000." [8] The other section provided that a violator could be "fined not to exceed $500, or be imprisoned not to exceed one year, or both." [9] To the contention that different punishments were thus provided for the same act, this court held that the section, providing only for a monetary penalty, was not a criminal provision at all. The "penalty" referred to was a civil forfeiture. The legislative history of the two sections was traced, and it was concluded that one section was civil in nature, the other criminal.

In *Roggensack,* this court noted ". . . that by ch. 483, sec. 74, Laws of 1935, sec. 288.01 was amended to include the word 'fine' in the definition of the word 'forfeiture.' Consequently, where a statute provides only for a fine, it may be enforced under sec. 288.01. . . ." [10] However, it is to be kept in mind that the reference to forfeiture is to the word, as defined in sec. 288.01, and by statute this definition is applicable only to ch. 288.[11] In *Roggensack,* it was noted that it is common in tax statutes for the legislative body to provide both civil and criminal sanctions in the same act or piece of legislation.

---

[7] *State v. Roggensack* (1962), 15 Wis. 2d 625, 113 N. W. 2d 389, 114 N. W. 2d 459.

[8] Sec. 71.11 (41), Stats. 1961.

[9] Sec. 71.11 (42), Stats. 1961.

[10] *State v. Roggensack, supra,* at page 631.

[11] Sec. 288.01, Stats., provides:

"**Action for forfeitures.** Where a forfeiture imposed by statute shall be incurred it may be recovered in a civil action unless the act or omission is punishable by fine and imprisonment or by fine or imprisonment. The word forfeiture, *as used in this chapter,* includes any penalty, in money or goods." (Emphasis supplied.)

Such practice, the legislative history of the sections involved, and the precise wording of the two side-by-side provisions were all involved in the *Roggensack* reasoning and result. What was said in *Roggensack* of the civil liability section of the tax statute is not transferable to sec. 66.054 (15), that refers to "guilty of a misdemeanor," "upon conviction," and "punished by a fine." If the two tax law provisions had both been identified by the legislature as "misdemeanors," [12] and a reference to "conviction" [13] contained in both side-by-side provisions, the conclusion reached in *Roggensack* might well have been different.

As to violations of sec. 66.054 (8a) (c) and (f) and sec. 176.05 (23) (c), Stats., the sole question before us is whether, in light of the words and language used, the legislature intended that violations of these statutory provisions are to be crimes, punishable upon conviction by imposition of a fine. We hold that they are. Actually, this question was before this court on another occasion. In the *Gecht Case*, [14] dealing with whether retrial for a violation of sec. 66.054 (8a) (c), constituted double jeopardy, as to the criminal or civil nature of the violation involved, in setting forth the facts this court stated: "A violation of this subsection is deemed a criminal offense." [15] So we deemed it then, and so we deem it now.

*By the Court.*—In No. State 64, judgment of circuit court reversing county court judgment of conviction reversed, and county court judgment reinstated.

---

[12] *See:* Sec. 939.60, Stats., providing:

"**Felony and misdemeanor defined.** A crime punishable by imprisonment in the state prison is a felony. *Every other crime is a misdemeanor.*" (Emphasis supplied.)

[13] For meaning of the term "conviction," *See: Remington v. Judd* (1925), 186 Wis. 338, 341, 202 N. W. 679; *Davis v. State* (1908), 134 Wis. 632, 638, 115 N. W. 150.

[14] *State v. Gecht* (1962), 17 Wis. 2d 455, 117 N. W. 2d 340.

[15] *Id.* at page 456.

In No. State 65, judgment of circuit court affirming county court order dismissing complaint reversed, and cause remanded to county court for trial.

