STATE of Wisconsin, Plaintiff-Respondent,

v.

Frederick D. CARPENTER, Defendant-Appellant.

Court of Appeals

*No. 92–2435. Submitted on briefs June 4, 1993.—Decided October 28, 1993.*

(Also reported in 508 N.W.2d 69.)

For the defendant-appellant the cause was submitted on the briefs of *Kate Kruse Livermore* and *Randall J.R. Pirlot* of *The Legal Assistance to Institutionalized Persons Program* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Darwin L. Zwieg*, district attorney, of Neillsville.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.   Frederick Carpenter appeals from an order and an amended judgment finding him in contempt of court under sec. 785.01(1)(b), Stats., and sentencing him to two years in prison. The issue on appeal is whether a punitive sanction imposed pursuant to sec. 785.04(2)(a), Stats.,[1] may be enhanced under sec. 939.62, Stats.,[2] the habitual criminality statute.

---

[1] Section 785.04(2)(a), Stats., states:

A court, after a finding of contempt of court in a nonsummary procedure under s. 785.03(1)(b), may impose for each separate contempt of court a fine of not more than $5,000 or imprisonment in the county jail for not more than one year or both.

[2] Section 939.62(1) , Stats., provides in relevant part:

We conclude that contempt of court is not a crime. We further hold that sec. 939.62, Stats., does not grant the trial court the authority to increase a punitive sanction for contempt of court. Therefore, we reverse and remand the cause for the trial court to impose a proper punitive sanction for Carpenter's contempt.

## BACKGROUND

Carpenter was convicted of felony failure to support, contrary to sec. 940.27(2), Stats. (1987-88), in January 1989. On March 13, 1991, the Clark County district attorney filed a complaint charging Carpenter with contempt of court for failure to pay child support between June 20, 1990, and March 5, 1991. After the jury found Carpenter guilty, the trial court sentenced him to serve two years at the Dodge Correctional Institution. However, the prison refused to receive him on the grounds that the sentence exceeded the maximum one-year term provided by sec. 785.04(2)(a), Stats.

The state moved to amend the judgment of conviction to indicate that the maximum one-year sentence under sec. 785.04(2)(a), Stats., had been enhanced under sec. 939.62, Stats. The trial court granted the motion, and this appeal followed the entry of the order and the amended judgment.

---

If the actor is a repeater . . . and the present conviction is for any crime for which imprisonment may be imposed . . . the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

(a) A maximum term of one year or less may be increased to not more than 3 years.

## STANDARD OF REVIEW

Resolution of the issue on appeal requires the application of statutes and related case law to an undisputed set of facts. Therefore, the issue presents a question of law which we review *de novo*. *John v. John*, 153 Wis. 2d 343, 362, 450 N.W.2d 795, 803 (Ct. App. 1989), *cert. denied*, 498 U.S. 814 (1990).

## DECISION

For the trial court to enhance the penalty of a "repeater" under sec. 939.62(1), Stats., the defendant's present conviction must be for "any *crime* for which imprisonment may be imposed." (Emphasis added.) Section 939.12, Stats., defines crime as "conduct which is prohibited by state law and punishable by fine or imprisonment or both." This definition applies to all of ch. 939, Stats. Section 939.22(6), Stats. A punitive contempt of court proceeding would arguably fit within this definition, providing the trial court with the authority to enhance the maximum term of imprisonment as a consequence. However, our analysis does not end here.

Between the enactment of sec. 939.12, Stats., in 1955, *see* sec. 1, ch. 696, Laws of 1955, and the legislature's overhaul of the contempt statutes in 1979, *see* ch. 257, Laws of 1979, the supreme court held that contempt of court is not a crime. *State ex rel. Jenkins v. Fayne*, 24 Wis. 2d 476, 480, 129 N.W.2d 147, 149 (1964). While the state acknowledges this precedent, it argues that in revising the contempt statutes, the legislature intended that acts of contempt subject to

punitive sanctions would properly be classified as crimes. We conclude that this claim is refuted by our opinion in *McGee v. Racine County Circuit Court*, 150 Wis. 2d 178, 441 N.W.2d 308 (Ct. App. 1989).

McGee was summarily held in contempt on five occasions for refusing to testify at a trial for attempted first-degree murder. Pursuant to sec. 785.04(2)(b), Stats., the trial court imposed a punitive sanction of thirty days in jail for each act. McGee filed his notice of appeal more than ten months after being held in contempt. McGee argued that sec. 808.04(1), Stats., did not govern the timeliness of his appeal because of the provision in sec. 808.04(3), Stats., that "an appeal in a criminal case . . . shall be initiated within the time period specified in [Rule] 809.30[, Stats.]." We rejected this contention by stating:

> Chapter 785, Stats., specifically does not draw civil and criminal contempt designations. Contempt proceedings are *sui generis* and are neither civil actions nor criminal prosecutions within the ordinary meaning of those terms. . . . We hold that contempt procedures fall outside the ambit of sec. 808.04(3), Stats.

*McGee*, 150 Wis. 2d at 184, 441 N.W.2d at 310-11 (citations omitted).

*McGee* was decided long after the contempt laws were revised in 1979. Despite the revisions, we concluded that a contempt of court subject to punitive sanctions is not a crime. As published decisions rendered by the court of appeals have statewide precedential effect, we are bound by *McGee's* holding that contempt of court is not a crime. *See* sec. 752.41(2), Stats. Consequently, we further hold that the trial court acted without authority in applying the penalty-

enhancing provisions of sec. 939.62, Stats., in imposing a punitive sanction for Carpenter's contempt.

The state suggests that *McGee* is inconsistent with *Currie v. Schwalbach*, 139 Wis. 2d 544, 407 N.W.2d 862 (1987), and *State ex rel. N.A. v. G.S.*, 156 Wis. 2d 338, 456 N.W.2d 867 (Ct. App. 1990). We disagree.

In *Currie*, the issue before the supreme court was whether the contemnor had a right of allocution after being summarily found in contempt and prior to imposition of a punitive sanction. Because the court found that the purpose of a punitive sanction is punishment, a contemnor, like a criminal defendant, should have an opportunity for allocution. 139 Wis. 2d at 559-60, 407 N.W.2d at 869. In a footnote, the court cited *Bloom v. Illinois*, 391 U.S. 194, 201 (1968), which held that criminal contempt is a crime. *Currie*, 139 Wis. 2d at 559 n.8, 407 N.W.2d at 869 n.8.

The *Currie* court did not, however, hold that a contempt of court resulting in a punitive sanction is a crime. That issue was not before the court. Had the *Currie* court intended to hold that contempt of court is a crime, it would have discarded its precedents in *Jenkins*, 24 Wis. 2d at 476, 129 N.W.2d at 147, and earlier cases. *See State ex rel. Rodd v. Verage*, 177 Wis. 295, 187 N.W. 830 (1922); *Farrell v. Phillips*, 140 Wis. 611, 123 N.W. 117 (1909).

The state's reliance on *State ex rel. N.A.* is similarly misplaced. In *N.A.*, we referred to the punishment associated with a punitive sanction as "punitive (criminal) sanctions" and as "criminal in nature." 156 Wis. 2d at 340, 342, 456 N.W.2d at 868, 869. We did not hold that contempt of court subject to a punitive sanction is a crime.

Because we have found that *McGee* is dispositive of the issue before us, we do not address any of the other

arguments offered by the parties. We reverse both the amended and the original judgments as well as the order amending the judgment. We remand the cause for the trial court to impose a punitive sanction in conformity with this opinion.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

SUNDBY, J. (*dissenting*). In *Bloom v. Illinois*, 391 U.S. 194, 201 (1968) (due process requires that contempt prosecutions be accompanied by constitutionally required jury trials), the United States Supreme Court plainly stated:

> Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both. In the words of Mr. Justice Holmes: "These contempts are infractions of the law, visited with punishment as such. If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech." *Gompers v. United States*, 233 U.S. 604, 610 (1914).

I agree with the majority's conclusion that the legislative history of the revised contempt procedures in ch. 785, Stats., unambiguously demonstrates legislative intent to abolish distinctions between civil and criminal contempt proceedings.[1] But I do not believe that *sui*

---

[1] The legislative history of the 1979 revision of the contempt statutes demonstrates that the legislature intended to clarify confusion surrounding contempt proceedings in Wisconsin by abandoning the historic distinction between civil and criminal contempt proceedings. Chapter 785 was drafted by the Wisconsin Judicial Council's Committee on Contempt expressly to

*generis* contempt under the revised statutes prevents nonsummary, punitive contempt proceedings from producing sanctions which are properly considered a criminal penalty. Therefore, I conclude that Carpenter's conviction for contempt resulted in sanctions which meet the definition of a "crime" pursuant to sec. 939.12, Stats., and which may be enhanced under the repeater statute, sec. 939.62, Stats.

I reach this conclusion for two reasons. First, the plain and unambiguous language of the definition of "crime" under sec. 939.12, Stats., and the repeater statute, sec. 939.62, Stats., leads directly to this result. Second, nonsummary, punitive contempt proceedings are conducted pursuant to chs. 967 to 973, Stats., the criminal procedure code. It is unreasonable to conclude that the legislature intended to prevent penalty enhancement for repeated contumacious conduct, while simultaneously requiring that sanctions for such conduct be imposed pursuant to the criminal procedure code.

The legislative history of ch. 785, Stats., is helpful in determining that the legislature intended to abolish the historic, but confusing, distinction between civil and criminal contempt proceedings. Although this assistance is useful in establishing the generic nature of contempt proceedings, it is unnecessary in determining whether sec. 939.62, Stats., is applicable: the statute's plain language is sufficient. If a statute is unambiguous, it is inappropriate to resort to legislative history. *State ex rel. Girouard v. Circuit Court for Jackson County*, 155 Wis. 2d 148, 155, 454 N.W.2d 792, 795

---

achieve this objective. *See* Martineau, *Contempt of Court: Eliminating the Confusion Between Civil and Criminal Contempt*, 50 CINCINNATI L. REV. 677 (1981). *See also* Dobbs, *Contempt of Court: A Survey*, 56 CORNELL L. REV. 183 (1971).

(1990). Section 939.12, Stats., defining "crime," is unambiguous.

Section 939.62, Stats., states: "If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any *crime* for which imprisonment may be imposed . . . the maximum term of imprisonment prescribed by law for that *crime* may be increased . . . ." (Emphasis added.) Section 939.12, Stats., states in part: "A crime is conduct which is prohibited by state law and *punishable by fine or imprisonment or both*." (Emphasis added.) Thus, two elements define crimes: (1) conduct prohibited by state law, (2) which is punishable by fine, or imprisonment, or some combination thereof.

Carpenter was sanctioned for contempt under sec. 785.04(2)(a), Stats., which provides: "A court, after a finding of contempt of court in a nonsummary procedure under s. 785.03(1)(b)[, Stats.], may impose for each separate contempt of court *a fine of not more than $5,000 or imprisonment in the county jail for not more than one year or both*." (Emphasis added.) Both elements of the definition of a crime are satisfied: (1) Carpenter engaged in conduct prohibited by law; and (2) his contumacious conduct was subject to imprisonment, a fine, or both.[2]

The legislature might have chosen to define crimes by reference to the nature of the proceeding rather than the resulting punishment, but it did not. I conclude that Carpenter's sanction fits the definition of a crime and that his penalty should be subject to enhancement under sec. 939.62, Stats.

Moreover, the nature of nonsummary punitive contempt is distinctly criminal. A complaint is

---

[2] Carpenter was sentenced to two years imprisonment.

required. Section 785.03, Stats. The proceedings are conducted pursuant to Wisconsin's code of criminal procedure. Section 785.03(1)(b), Stats., provides: "The complaint shall be processed under chs. 967 to 973." Chapters 967 to 979 govern all criminal proceedings. Section 967.01, Stats. The contemnor is entitled to notice of the charges and has a right to prepare and present a defense. *Cooke v. United States*, 267 U.S. 517 (1925). The contemnor is entitled to a hearing before an unbiased judge. *Mayberry v. Pennsylvania*, 400 U.S. 455 (1971). There is a presumption of innocence until proven guilty beyond a reasonable doubt. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418 (1911). If a sentence of imprisonment longer than six months is imposed, the contemnor has a right to a jury trial. *Bloom*, 391 U.S. 194.

It is illogical to believe that the legislature expressly provided the full panoply of rights afforded criminal defendants in sec. 785.03(1)(b), Stats., yet intended to exclude the resulting punitive sanctions from operation of the repeater statute, sec. 939.62, Stats. Indeed, Martineau states: "The Wisconsin Judicial Council, as a matter of policy, saw no reason to continue to treat persons charged with contempt differently from those charged with ordinary crimes." 50 CINCINNATI L. REV. at 697-98.[3] Presumably this includes application of the repeater statute, where appropriate, to contempt convictions.

Thus, I find nothing in the legislative history of ch. 785, Stats., suggesting that the contempt statutes should not be subject to sec. 939.62, Stats. Carpenter has repeatedly and contumaciously failed to support his children, flouting the inherent power of the Clark

---

[3] Professor Martineau was reporter for the Judicial Council's Committee on Contempt.

County Circuit Court. His sentence, as determined by that court, is a "crime" subject to penalty enhancement. "If such acts are not criminal, we are in error as to the most fundamental characteristic of crimes as that word has been understood in English speech." *Gompers*, 233 U.S. at 610.