STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael A. SVEUM, Defendant-Appellant.†

Court of Appeals

*No. 01–0230. Submitted on briefs August 7, 2001.—Decided
April 18, 2002.*

**2002 WI App 105**

(Also reported in 648 N.W.2d 496.)

† Petition to review denied 7-26-02.

869

871

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael A. Sveum, pro se,* and on the supplemental brief of *Ian A.J. Pitz* of *Michael Best & Friedrich LLP* of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *David J. Becker,* assistant attorney general.

Before Dykman, Roggensack and Deininger, JJ.

¶ 1. ROGGENSACK, J. Michael Sveum was convicted of stalking, contrary to WIS. STAT. § 940.32(2m) (1995–96);[1] harassment, contrary to WIS. STAT. § 947.013(1r); violating a harassment injunction issued under WIS. STAT. § 813.125(4); and criminal damage to property, contrary to WIS. STAT. § 943.01(1). Each

---

[1] All references to the Wisconsin Statutes are to the 1995–96 version unless otherwise noted.

count included a repeater allegation.[2] Sveum appeals the denial of a postconviction motion in which he argued that two of his convictions violate the double jeopardy clause because violating a harassment injunction is a lesser-included offense of harassment. After reviewing the record, we requested briefing on whether violating a harassment injunction is a criminal offense that is properly subject to the general repeater statute. Because we conclude that violating a harassment injunction is a crime and that it is not a lesser-included offense of § 947.013(1r), we affirm the circuit court's order denying Sveum's motion for postconviction relief.

## BACKGROUND

¶ 2. Sveum was charged and tried on a multiple-count information for actions he took against J.J., his former girlfriend, after the entry of an injunction that prohibited him from contacting her.[3] The jury found him guilty on all four counts, including the two counts relevant here: (1) harassment, contrary to WIS. STAT. § 947.013(1r), and (2) violating a harassment injunction issued pursuant to WIS. STAT. § 813.125(4). The circuit court sentenced Sveum, as a repeater, to three-year consecutive prison terms on each of these convictions.

¶ 3. Sveum has filed multiple appeals and postconviction motions. In the motion that is the subject of this appeal, he contends that violating a harassment

[2] Sveum was convicted of felony bail jumping, contrary to WIS. STAT. § 946.49(1)(b), on July 29, 1991.

[3] Under the injunction, Sveum was enjoined and restrained from "contacting [J.J.] personally or by telephone at her home or her work, sending letters or cards directly or indirectly; [and Sveum] shall not contact [J.J.'s] sister, [L.J.], or her parents." The injunction was entered on October 25, 1995 and was effective until October 25, 1996.

injunction is a lesser-included offense of harassment and that his conviction and sentencing for each of these offenses constitutes double jeopardy. Accordingly, he asserts that his conviction for violation of the injunction issued under WIS. STAT. § 813.125(4) should be vacated and that he should be re-sentenced on the remaining counts. The State contends that Sveum's convictions do not violate the constitutional proscriptions against double jeopardy because each offense requires proof of an element that the other does not.

¶ 4. Upon reviewing the record and issues raised by this appeal, we requested briefing to address whether violating a harassment injunction is a criminal offense subject to the repeater statute, WIS. STAT. § 939.62. Sveum contends the violation of an injunction issued pursuant to WIS. STAT. § 813.125(4) is not a criminal offense, and the State takes the opposite view.[4]

## DISCUSSION

**Standard of Review.**

¶ 5. Whether the legislature intended violating a harassment injunction to be a criminal offense is a question of statutory interpretation that we decide *de novo. State v. Campbell*, 2002 WI App 20, ¶ 4, 250 Wis. 2d 238, 642 N.W.2d 230.

¶ 6. Multiple punishments for the same offense violate the double jeopardy protections of the Wisconsin and United States Constitutions. *State v. Sauceda*, 168

---

[4] Although Sveum filed his postconviction motion and his appeal *pro se,* Sveum received court-appointed representation for this additional stage of briefing.

Wis. 2d 486, 492, 485 N.W.2d 1, 3 (1992). Whether an individual's right to be free from double jeopardy has been violated is also a question of law that we decide without deference to the decision of the circuit court. *State v. Anderson*, 219 Wis. 2d 739, 746, 580 N.W.2d 329, 332 (1998).

## WIS. STAT. § 813.125(4).

¶ 7. We raised the issue of whether a violation of an injunction issued under WIS. STAT. § 813.125(4) constitutes a criminal offense for two reasons. First, Sveum was sentenced as a repeater for his violation of the § 813.125(4) injunction. A defendant with the requisite criminal history may be sentenced as a repeater only if his or her "present conviction *is for any crime* for which imprisonment may be imposed." WIS. STAT. § 939.62(1) (emphasis added). Accordingly, if violating a harassment injunction were not a crime, Sveum's sentence as a repeater would be improper. Second, the proper characterization of his conviction may affect the double jeopardy analysis. Double jeopardy protections apply only to multiple convictions or penalties that are at least "essentially criminal" in nature. *See generally State v. Thierfelder*, 174 Wis. 2d 213, 225–27, 495 N.W.2d 669, 675–76 (1993) (discussing double jeopardy in context of case involving successive prosecutions).

¶ 8. The legislature has defined "crime" to mean "conduct which is prohibited by state law and punishable by fine or imprisonment or both." WIS. STAT. § 939.12.[5] Conduct punishable only by a forfeiture is

---

[5] This statute has remained unchanged since 1955.

not a crime. *Id.* Wisconsin Stat. § 813.125(7) specifies the following penalty for violating a harassment injunction:

> Penalty. Whoever violates a temporary restraining order or injunction issued under this section shall be fined not more than $1,000 or imprisoned not more than 90 days or both.

The penalty of § 813.125(7), in combination with the definition of a crime in § 939.12, would appear to make the violation of a harassment injunction a crime. However, in *State v. West*, 181 Wis. 2d 792, 512 N.W.2d 207 (Ct. App. 1993), we opined that " 'crime' is defined in sec. 939.12, Stats., *only* for purposes of chs. 939 to 948 and 951." *Id.* at 796, 512 N.W.2d at 208 (emphasis added). The quoted language in *West* was focusing on what definition was required when the term, "crime," was used in a statute outside of chs. 939 to 948 and 951. We concluded that it is permissible to use a broader definition of "crime" if the statute using that term occurs other than in chs. 939 to 948 and 951. We did not decide whether conduct that is proscribed by statutes other than those found in chs. 939 to 948 and 951 could be criminal. However, that is the question with which we are presented here, and it was also the question addressed in *State v. Mando Enters., Inc.*, 56 Wis. 2d 801, 203 N.W.2d 64 (1973).

¶ 9. In *Mando*, the supreme court applied Wis. Stat. § 939.12 to determine whether conduct proscribed by Wis. Stat. §§ 66.054(8a)(c) and (f) and 176.05(23)(c) (1967) was criminal conduct. In its examination, the court focused on the penalties the legislature had chosen for violating those statutes and relied on the explanation in § 939.12 that a crime is conduct which is prohibited by state law and punishable by fine or

imprisonment or both. *Mando*, 56 Wis. 2d at 804 & n.4, 203 N.W.2d at 65 & n.4. The supreme court reasoned that applying the definition of a crime found in § 939.12 is appropriate because Wis. Stat. § 939.20 specifically instructs that there are "crimes defined in other chapters of the statutes" as well as those defined in the criminal code. *Mando*, 56 Wis. 2d at 804 n.4, 203 N.W.2d at 65 n.4.

¶ 10. We conclude that *Mando* is dispositive of the decision we must make here because it examined conduct proscribed by a statute and decided whether that conduct was criminal based on the penalty the legislature chose to assign for the statutory violation. *Id.* at 807, 203 N.W.2d at 67. Here, state law prohibits violating a court-issued harassment injunction, and the prohibited conduct is punishable by a fine of not more than $1,000, or imprisonment for not more than ninety days, or both. The fact that this conduct is proscribed by a statute falling outside of chs. 939 to 951 does not preclude our use of the definition of a crime set out in Wis. Stat. § 939.12, because Wis. Stat. § 939.20 informs our decision, just as it did that of the supreme court in *Mando*.[6]

¶ 11. Additionally, our research shows that both the supreme court and the court of appeals have, without expressly deciding the issue, previously characterized the violation of an injunction issued pursuant to Wis. Stat. § 813.125(4) as a criminal offense. *See Bachowski v. Salamone*, 139 Wis. 2d 397, 414, 407

---

[6] Wisconsin Stat. § 939.20 (1995–96), as does the current statute, provides:

> Sections 939.22 to 939.25 apply only to crimes defined in chs. 939 to 951. Other sections in ch. 939 apply to crimes defined in other chapters of the statutes as well as to those defined in chs. 939 to 951.

N.W.2d 533, 540 (1987) ("The violation of an injunction issued under sec. 813.125, Stats., is a criminal offense. Substantial fines and imprisonment could result. Section 813.125(7).");[7] *State v. Bouzek*, 168 Wis. 2d 642, 643–44, 484 N.W.2d 362, 363 (Ct. App. 1992) (holding that a defendant in a criminal prosecution for violating a § 813.125 injunction may not collaterally attack the underlying injunction; characterizing the violation as a misdemeanor and affirming defendant's conviction). In addition, we note that our decision on Sveum's direct appeal largely presumed that Sveum's conviction for violating the injunction issued under § 813.125(4) was a criminal conviction. *See State v. Sveum*, 220 Wis. 2d 396, 584 N.W.2d 137 (Ct. App. 1998).

¶ 12. The principal counterweight to the conclusion suggested by *Mando, Bachowski, Bouzek* and a straightforward application of WIS. STAT. § 939.12 is our decision in *State v. Carpenter*, 179 Wis. 2d 838, 508 N.W.2d 69 (Ct. App. 1993). In *Carpenter*, we addressed the issue of whether a defendant convicted of contempt of court in a nonsummary proceeding could be sentenced as a repeater. We held that although ch. 785 of the statutes provides that contempt of court may be punished by a fine and/or imprisonment, contempt of court is not a crime under Wisconsin law. *Carpenter*, 179 Wis. 2d at 841–43, 508 N.W.2d at 71.

---

[7] *Bachowski v. Salamone*, 139 Wis. 2d 397, 407 N.W.2d 533 (1987), involved a direct appeal from the issuance of an injunction and did not concern any alleged violation of the injunction. The supreme court upheld the constitutionality of WIS. STAT. § 813.125, but concluded that the statute was improperly applied to Salamone because the proof offered in support of the injunction was insufficient and because the injunction was not sufficiently specific as to the acts and conduct enjoined. *Bachowski*, 139 Wis. 2d at 413–15, 407 N.W.2d at 540.

¶ 13. Sveum argues that the violation of an injunction issued pursuant to Wis. Stat. § 813.125(4) should be treated as a species of contempt and that, under *Carpenter*, such violations are not crimes. While Sveum's argument is not unreasonable, we conclude that the legislature intended such violations to be punished as crimes and that *Carpenter* can be distinguished from this case.

¶ 14. First, we note that our rationale in *Carpenter* for looking beyond the statutory definition of "crime" does not readily apply to the offense of violating a harassment injunction. In *Carpenter*, we relied on prior case law holding that "[c]ontempt proceedings are *sui generis* and are neither civil actions nor criminal prosecutions within the ordinary meaning of those terms." *Carpenter*, 179 Wis. 2d at 842, 508 N.W.2d at 71 (quoting *McGee v. Racine County Circuit Court*, 150 Wis. 2d 178, 184, 441 N.W.2d 308, 310 (Ct. App. 1989)). The reasoning in *Carpenter* is bottomed on the inextricable link between the contempt power and the broad, inherent authority of the courts to control their domain. In contrast, Wis. Stat. § 813.125 addresses specific concerns about preventing and punishing interpersonal violence, threats and intimidation, which are subjects typical of the societal concerns that the legislature addresses in criminal statutes.

¶ 15. Second, although the legislature could have provided that violations of harassment injunctions should be treated as contempt of court and prosecuted under the general contempt statutes, the legislature instead enacted a penalty provision that is specific to violations of injunctions issued under Wis. Stat. § 813.125. The legislative history of 1983 Wis. Act 336, which created § 813.125, shows that the legislature considered but rejected the idea of punishing violations

of harassment injunctions as civil forfeitures.[8] That the legislature was particularly attuned to the punishment scheme for § 813.125 and ultimately settled on a fine and potential imprisonment suggests that the legislature created § 813.125(7) with the intent to classify the violation of an injunction issued under § 813.125(4) as a crime.

¶ 16. Third, the fact that both contempt of court and the violation of a harassment injunction may involve the violation of a court-issued order is not dispositive. In criminal bond proceedings, courts will similarly issue an order that sets particular conditions on a defendant's release. A defendant who violates court-ordered bond conditions commits a crime. *See* WIS. STAT. § 946.49. There are, of course, significant differences between criminal bond proceedings and the often informal civil proceedings that result in harassment injunctions, and these differences may raise some policy or even constitutional concerns. However, the legislature has made its choice to define the violation of a harassment injunction as a crime, and the constitutionality of WIS. STAT. § 813.125 is not at issue on this appeal.[9]

---

[8] 1983 Wis. Act 336 also created WIS. STAT. § 947.013, the statutory section that defines, prohibits and establishes a punishment for harassment. As originally proposed in 1983 Assembly Bill 353, harassment was to be punished as a Class B misdemeanor. However, the legislature modified the punishment to a civil forfeiture. In 1991, the legislature revisited the punishment scheme for § 947.013 and decided to impose criminal sanctions for violations of § 947.013 in some circumstances, including those defined in § 947.013(1r). *See* 1991 Wis. Act 194.

[9] As indicated above, the supreme court has reviewed and upheld the constitutionality of certain procedures set forth in WIS. STAT. § 813.125. *Bachowski*, 139 Wis. 2d at 405–06, 407

¶ 17. In summary, we conclude that the legislature intended violations of harassment injunctions to be prosecuted as crimes. Because Sveum's conviction for violating an injunction issued under WIS. STAT. § 813.125(4) is a criminal conviction, we further conclude that the circuit court properly sentenced him as a repeater. We now turn to the double jeopardy issue.

## Double Jeopardy.

### 1. Overview.

¶ 18. The double jeopardy provisions of the United States Constitution and the Wisconsin Constitution mutually prohibit a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989); *Sauceda*, 168 Wis. 2d at 492, 485 N.W.2d at 3. Where, as in this case, the issue alleged is multiple punishments for the same or overlapping criminal conduct arising from a single prosecution, double jeopardy is implicated "only to the extent of preventing a court from imposing a greater penalty than the legislature intended." *State v. Derango*, 2000 WI 89, ¶ 28, 236 Wis. 2d 721, 613 N.W.2d 833.

---

N.W.2d at 536–37. The supreme court also held in *Bachowski* that § 813.125 is facially neither vague nor overbroad in the conduct the statute seeks to proscribe. *Id*. at 406–12, 407 N.W.2d at 537–39.

¶ 19. Wisconsin courts use a two-part test to determine whether multiple punishments arising from a single prosecution constitute double jeopardy. First, we determine whether the offenses at issue are identical in law and in fact. *State v. Lechner*, 217 Wis. 2d 392, 403, 576 N.W.2d 912, 918 (1998). Where the conduct underlying each offense is the same or overlapping, the determinative inquiry "is whether the criminal statutes define one offense as a lesser-included offense of the other." *Id.* at 404, 576 N.W.2d at 919.[10] This part of the analysis is controlled by *Blockburger v. United States*, 284 U.S. 299, 304 (1932), which requires the court to determine whether "each offense necessarily requires proof of an element the other does not." *State v.*

---

[10] As the Wisconsin Supreme Court has explained:

> [W]here the factual circumstances underlying the offenses are the same or identical, the determinative inquiry is whether the offenses are lesser-included offenses of each other—whether each offense requires proof of an additional *element* that the other does not . . . . [W]here a course of conduct is alleged to have constituted multiple violations of the same statutory provision, the determinative inquiry is whether each offense requires proof of an additional *fact* that the other offenses do not.

*State v. Sauceda*, 168 Wis. 2d 486, 493 n.8, 485 N.W.2d 1, 4 n.8 (1992); *see also State v. Lechner*, 217 Wis. 2d 392, 404–05, 576 N.W.2d 912, 918–19 (1998).

In this case, the State has not disputed Sveum's assertion that the same conduct underlies both his conviction for harassment and his conviction for violating the harassment injunction. Our review of the record indicates that the conduct relevant to each of the two counts certainly overlapped, but it is unclear whether it was identical. For purposes of this decision, we assume that the same conduct was at issue under both counts.

*Kurzawa*, 180 Wis. 2d 502, 524, 509 N.W.2d 712, 721 (1994). The analysis of the statutes involved is purely legal, and the facts regarding a given defendant's criminal activity are not relevant to the analysis. *State v. Carrington*, 134 Wis. 2d 260, 265, 397 N.W.2d 484, 486 (1986); *State v. Dauer*, 174 Wis. 2d 418, 428, 497 N.W.2d 766, 769 (Ct. App. 1993).

¶ 20. If one offense is not a lesser-included offense of the other, the second part of the test requires the court to determine whether the legislature intended that multiple punishments could be imposed. *Lechner*, 217 Wis. 2d at 403, 576 N.W.2d at 918. At this stage of the inquiry, there is a presumption that the legislature intended to permit cumulative punishments. *Derango*, 2000 WI 89 at ¶ 30; *see also* WIS. STAT. § 939.65. This presumption can be overcome only by a showing of clear legislative intent to the contrary. *Derango*, 2000 WI 89 at ¶¶ 29–30, 34. Legislative intent may be derived from the language of the statutes and the legislative history, as well as from an analysis of the nature of the proscribed conduct and of the appropriateness of multiple punishments. *Sauceda*, 168 Wis. 2d at 497, 485 N.W.2d at 5.

### 2. Blockburger *analysis.*

¶ 21. Under the *Blockburger* "elements only" test, the violation of a harassment injunction is a lesser-included offense of harassment only if each element of the former is also an element of the latter. *See Sauceda*,

168 Wis. 2d at 494–95, 485 N.W.2d at 4–5. The elements of an offense are derived as a matter of statutory interpretation.[11]

¶ 22. WISCONSIN STAT. § 947.013 creates the offense of harassment and, in relevant part, provides:

> **(1m)** Whoever, with intent to harass or intimidate another person, does any of the following is subject to a Class B forfeiture:
>
> (a) Strikes, shoves, kicks or otherwise subjects the person to physical contact or attempts or threatens to do the same.
>
> (b) Engages in a course of conduct or repeatedly commits acts which harass or intimidate the person and which serve no legitimate purpose.
>
> **(1r)** Whoever violates sub. (1m) under all of the following circumstances is guilty of a Class A misdemeanor:
>
> (a) The act is accompanied by a credible threat that places the victim in reasonable fear of death or great bodily harm.
>
> (b) The act occurs while the actor is subject to an order or injunction under s. 813.12, 813.122 or 813.125 that prohibits or limits his or her contact with the victim.

¶ 23. Sveum and the State agree that a straightforward reading of the statutes reveals that harassment under WIS. STAT. § 947.013(1r) includes at least one

---

[11] "Elements of a crime are its requisite conduct, either an act or omission, and mental fault. Elements may include particular attendant circumstances, and sometimes, a specified result of the conduct." *State v. Howard*, 211 Wis. 2d 269, 290, 564 N.W.2d 753, 763 (1997).

element that violation of a harassment injunction issued under WIS. STAT. § 813.125(4) does not. Namely, to prove harassment as a Class A misdemeanor, the prosecution must show that the defendant's conduct was "accompanied by a credible threat that places the victim in reasonable fear of death or great bodily harm." Section 947.013(1r)(a). Because this element is not an element of violating a harassment injunction, our focus shifts to the elements of the violation of an injunction issued under § 813.125(4), the alleged lesser-included offense.

¶ 24. Before the violation of a harassment injunction may be found, the State must prove at least that: (1) an injunction was issued against the defendant under WIS. STAT. § 813.125; and (2) the defendant committed an act that violated the terms of the injunction. It is probable that the State must also prove that the defendant knew an injunction had been issued and knew that his conduct violated the terms of the injunction.[12] *See State v. O'Dell*, 193 Wis. 2d 333, 340–45, 532 N.W.2d 741, 744–46 (1995); WIS JI—CRIMINAL 2040 (2001); *see also State v. Collova*, 79 Wis. 2d 473, 486–87, 255 N.W.2d 581, 588 (1977) (concluding that a mental element not expressly shown from the face of a statute may nevertheless be an element of the crime necessary to a conviction).[13]

---

[12] Although we note that it is probable that the State must prove this third element, we do not conclusively decide this issue.

[13] Sveum was convicted of a violation of WIS. STAT. § 813.125 by a jury that was instructed on the three elements as stated in WIS JI—CRIMINAL 2040.

¶ 25. The State argues that proof that the defendant committed an act that violated the terms of the injunction, the second element of violating a harassment injunction, is not an element of harassment under Wis. Stat. § 947.013(1r). We agree. To prove harassment under § 947.013(1r), the prosecution must show that the defendant was "*subject to* an order or injunction" at the time that he harassed his victim but not that he actually violated its terms. We conclude that the legislature's use of the phrase "subject to," as opposed to "in violation of," directs that whether the defendant's conduct actually violated the terms of the court's order is not relevant in a prosecution under § 947.013(1r).

¶ 26. Sveum contends that the phrase "subject to" is equivalent to the phrase "in violation of" because, under his interpretation of Wis. Stat. §§ 813.125 and 947.013, it is "impossible" for a person to commit the crime of harassment while being subject to a harassment injunction without simultaneously violating the harassment injunction. Sveum's argument relies on the assumption that an injunction issued under § 813.125 may prohibit only conduct that would otherwise constitute "harassment" as defined in § 947.013(1m). In other words, Sveum assumes that the only conduct that may be prohibited under § 813.125 is conduct that is already prohibited by § 947.013(1m).[14]

---

[14] Under Sveum's interpretation of Wis. Stat. §§ 813.125 and 947.013, the legislature created a graduated offense structure. The least serious offense would be harassment in violation of § 947.013(1m). The middle-level offense would be the violation of a harassment injunction, and, under Sveum's analysis, this middle-level offense alternatively (and equivalently) could be phrased as the violation of § 947.013(1m) while subject to an order that you not violate § 947.013(1m). The most serious

¶ 27. We conclude that Sveum's assumption about the permissible scope of harassment injunctions is mistaken. It is true that prior to issuing a temporary restraining order or injunction under WIS. STAT. § 813.125, the court must find that there are "reasonable grounds to believe that the respondent has violated s. 947.013." It is also true that injunctions issued under § 813.125 "must be specific as to the acts and conduct which are enjoined." *Bachowski*, 139 Wis. 2d at 414, 407 N.W.2d at 540. However, we have held that a circuit court, in an effort to *avoid* harassment of the petitioner, may prohibit the respondent from engaging in otherwise lawful conduct that, in the past, has escalated into or provided an opportunity for actual harassment. *See W.W.W. v. M.C.S.*, 185 Wis. 2d 468, 496–98, 518 N.W.2d

offense would be a violation § 947.013(1r), which would be nothing more than the middle-level offense with the added "credible threat" element.

Sveum's interpretation of WIS. STAT. §§ 813.125 and 947.013 is supported by (1) the jury instruction committee's comments to WIS JI—CRIMINAL 2040, which state that a harassment injunction is "properly framed" if it orders the respondent not to violate § 947.013 again and that "[a] second violation of § 947.013 violates the injunction"; and (2) the jury instruction committee's comments to WIS JI—CRIMINAL 1912, which state that § 947.013(1r) was intended to penalize "violations of pre-existing harassment orders if such violations are accompanied by a 'credible threat that places the victim in reasonable fear of death or great bodily harm.'" To the extent the committee's comments suggest that the *only* valid harassment injunctions are those that prohibit future harassment, we disagree with the committee's comments. To the extent that the committee's comments suggest that *some* harassment injunctions might be phrased in terms of prohibiting future violations of § 947.013(1m), we conclude that the comments are compatible with our analysis of the legal elements of the crimes.

285, 294–95 (Ct. App. 1994) (holding that an injunction prohibiting respondent from contacting two minors and from frequenting streets around the minors' residence and school was a "sustainable exercise of discretion under § 813.125"). Accordingly, courts are permitted to enjoin conduct under § 813.125 that, standing on its own, would not constitute harassment in violation of WIS. STAT. § 947.013(1m).

¶ 28. Accordingly, because the crime of violating an injunction issued under WIS. STAT. § 813.125(4) and the crime of violating WIS. STAT. § 947.013(1r) each require proof of an element that the other does not, we conclude that violating a harassment injunction is not a lesser-included offense of harassment under § 947.013(1r). The two offenses are not identical in law.

### 3. Legislative intent.

■

¶ 29. Sveum concedes that the statutory language in this case fails to indicate the legislature's intent regarding multiple punishments for the crimes of violating a harassment injunction and harassment when the violations of the statutes arise from the same or overlapping criminal conduct. This concession is significant given our analysis under *Blockburger*. As indicated above, if an offense is not a lesser-included offense, a presumption arises that the legislature intended to permit cumulative punishments. Sveum can overcome the presumption only by showing a clear indication of legislative intent to the contrary. *See Derango*, 2000 WI 89 at ¶ 34.

¶ 30. Sveum's arguments regarding legislative intent assume that violating a harassment injunction is a lesser-included offense of harassment. We have reached the opposite conclusion. Accordingly, his arguments

based on WIS. STAT. § 939.66(1); *Whalen v. United States*, 445 U.S. 684 (1980); and *State v. Gordon*, 111 Wis. 2d 133, 330 N.W.2d 564 (1983), are largely irrelevant. Sveum's cited authorities concern circumstances where the offenses at issue are identical in law.

¶ 31. Sveum presents neither an alternative analysis of the statutory language, nor an alternative argument based on legislative history, the nature of the proscribed conduct or the appropriateness of multiple punishment. *See State v. Kuntz*, 160 Wis. 2d 722, 756–57, 467 N.W.2d 531, 545 (1991) (listing factors relevant to analysis of legislative intent). In addition, our own research discloses no indication that the legislature intended to prohibit multiple punishments. Rather, this appears to be a case where the legislature chose to use its powers "to attack a discrete social problem by writing multiple statutes with subtle elemental differences in order to capture and criminalize the widest possible variety of conduct." *Derango*, 2000 WI 89 at ¶ 36. Accordingly, we conclude that Sveum's convictions for violating a WIS. STAT. § 813.125(4) injunction and WIS. STAT. § 947.013(1r) do not violate his right to be free from multiple punishments for the same offense.[15]

---

[15] *See State v. Koller*, 2001 WI App 253, ¶ 30, 248 Wis. 2d 259, 635 N.W.2d 838 (reaching only question of whether offenses were identical in fact because appellant did not attempt to overcome the presumption that the legislature intended to permit multiple punishments); *State v. Kanarowski*, 170 Wis. 2d 504, 513, 489 N.W.2d 660, 663 (Ct. App. 1992) (declining to reach issues surrounding legislative intent not raised by the parties).

## CONCLUSION

¶ 32. Because we conclude that violating a harassment injunction is a crime and that it is not a lesser-included offense of Wis. Stat. § 947.013(1r), we affirm the circuit court's order denying Sveum's motion for postconviction relief.

*By the Court.*—Order affirmed.