Julie Mair, Plaintiff-Appellant,†

v.

Trollhaugen Ski Resort and American Home
Assurance Company, Defendants-Respondents.

Court of Appeals

*No. 2004AP1252. Submitted on briefs January 31, 2005.
—Decided May 3, 2005.*

2005 WI App 116

(Also reported in 699 N.W.2d 624.)

† Petition to review granted 10-14-05.

723

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael J. Brose* and *Anne E. Schmiege* of *Doar, Drill & Skow, S.C.*, New Richmond.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Todd Joseph Koback* of *Terwilliger, Wakeen, Piehler & Conway, S.C.*, Wausau.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.   Julie Mair appeals a summary judgment dismissing her safe place claim against Trollhaugen Ski Resort. The trial court concluded that injuries Mair sustained after falling in a bathroom arose from a structural defect, so her claim was barred by the ten-year builder's statute of repose, Wis. Stat. § 893.89.[1] Mair claims the statute of repose does not apply to claims brought under the safe place statute, Wis. Stat. § 101.11. We affirm the judgment.

## BACKGROUND

¶ 2.   On January 23, 2001, Mair was skiing at Trollhaugen. At some point, she went into the bathroom, where she stepped on a recessed floor drain, lost her footing and fell, breaking her leg. The resort was constructed in 1976 and there have been no modifica-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

tions to the bathroom. Larry Seiberlich, an architect specializing in environmental behavior, testified at a deposition that, according to industry standards, the drain should be level with the floor.

¶ 3. Mair filed suit against Trollhaugen alleging common law negligence and violation of the safe place statute.[2] Trollhaugen moved for summary judgment, arguing Mair's claims were barred by WIS. STAT. § 893.89, which contains a ten-year statute of repose for claims arising out of a design or construction defect. Because the resort was constructed in 1976, Trollhaugen argued any claims relating to the design or construction of the bathroom were barred after 1986.

¶ 4. At the hearing on the motion, Mair conceded that her negligence claim was barred by the statute of repose. However, she argued that her safe place claim was not barred because the safe place statute imposes an ongoing duty to keep a structure safe. The circuit court agreed with Trollhaugen and granted its summary judgment motion.

## DISCUSSION

¶ 5. Our review of a trial court's grant of summary judgment is independent. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). Summary judgment is appropriate when there is no material factual dispute and the moving party is entitled to judgment as a matter of law. *Germanotta v. National Indem. Co.*, 119 Wis. 2d 293, 296, 349 N.W.2d 733 (Ct. App. 1984). Summary judgment methodology

---

[2] Mair also filed suit against the resort's insurer, American Home Assurance Company.

is well established and need not be repeated here. *See, e.g., Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶¶ 20–24, 241 Wis. 2d 804, 623 N.W.2d 751. This case also involves interpretation of the statute of repose and safe place statute. We review questions of statutory interpretation independently. *State v. Sveum*, 2002 WI App 105, ¶ 5, 254 Wis. 2d 868, 648 N.W.2d 496.

¶ 6. Mair contends her safe place claim is not barred by the statute of repose. She argues that the statute of repose only applies to common law negligence, not to the safe place statute. She says the ten-year statute of repose is restricted to negligent acts at the time of construction. The safe place law, on the other hand, is not limited to the initial construction but imposes an ongoing duty to furnish a safe place.

¶ 7. We agree that the safe place law is not limited to initial construction. However, it does cover the initial construction. It covers both the construction and the ongoing duty to keep premises safe. We conclude that the construction is covered by the statute of repose. Any later safe place claims are not.

¶ 8. The statute of repose, WIS. STAT. § 893.89, provides:

> (1) In this section, "exposure period" means the 10 years immediately following the date of substantial completion of the improvement to real property.
>
> (2) Except as provided in sub. (3), no cause of action may accrue and no action may be commenced, including an action for contribution or indemnity, against the owner or occupier of the property or against any person involved in the improvement to real property after the end of the exposure period, to recover damages for any injury to property, for any injury to the person, or for

wrongful death, arising out of any deficiency or defect in the design, land surveying, planning, supervision or observation of construction of, the construction of, or the furnishing of materials for, the improvement to real property.

In other words, no claim may be made after the ten years for any injury arising out of a defect in design or construction of a building.

¶ 9.  The safe place statute requires that an owner furnish a place which "shall be safe . . . ." WIS. STAT. § 101.11(1). This is accomplished by requiring the owner to "construct, repair or maintain" the building safely. *Id.*

¶ 10.  Both the statute of repose and the safe place statute explicitly address construction. We see no ambiguity in either statute. Nor has Mair argued that either statute is ambiguous. If a statute is not ambiguous, we must apply its plain meaning. *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986). Therefore, we conclude that to the extent Mair's safe place claim is based on defective construction of the bathroom floor, the claim is barred by the ten-year statute of repose.

¶ 11.  Mair argues, however, that the safe place statute imposes an ongoing duty to furnish a safe building. She is correct. The owner's duty has three parts:  (1) construct, (2) repair and (3) maintain. *See* WIS. STAT. § 101.11(1). Even though liability for a defective construction may be eliminated by the statute of repose, the owner still has a continuing responsibility to repair and maintain the premises.

¶ 12. But here we encounter another flaw in Mair's argument: lack of notice. Generally, an owner is liable for two types of conditions that cause injury: (1) structural defects; and (2) unsafe conditions associated with the structure of the building.[3] *See Ruppa v. American States Ins. Co.*, 91 Wis. 2d 628, 639–40, 284 N.W.2d 318 (1979); *see also* HOWARD H. BOYLE, JR., WISCOSNIN SAFE-PLACE LAW REVISED 139 (1980). A structural defect "arises from a breach of the statutory duty to construct a safe building." *Rizzuto v. Cincinnati Ins. Co.*, 2003 WI App 59, ¶ 28, 261 Wis. 2d 581, 659 N.W.2d 476. The owner is liable "regardless of whether he or she knew or should have known that the defect existed." *Barry v. Employers Mut. Cas. Co.*, 2001 WI 101, ¶ 22, 245 Wis. 2d 560, 630 N.W.2d 517. However, as we have already pointed out, a defect based on failure to construct a safe building is barred by the statute of repose.

¶ 13. The second type of condition is an unsafe condition associated with the structure of the building. This "arises when an originally safe structure is not properly repaired or maintained." *Rizzuto*, 261 Wis. 2d 281, ¶ 13. It "arises from a breach of the statutory duty to repair or maintain . . . ." *Barry*, 245 Wis. 2d 560, ¶ 28. In this situation, the owner is liable only if the owner had actual or constructive notice of the defect. *Rizzuto*, 261 Wis. 2d 281, ¶ 13.

---

[3] Employers have an additional liability for unsafe conditions unassociated with the structure. However, as the owner of a public building, Trollhaugen's liability for maintenance is limited to conditions associated with the structure. *See* HOWARD H. BOYLE, JR., WISCONSIN SAFE-PLACE LAW REVISED 139 (1980).

¶ 14.　Here, there is no evidence of actual or constructive notice that the recessed drain was unsafe. No one had ever fallen in this location before, and there is no evidence that Trollhaugen knew, or in the exercise of reasonable care should have known, that the condition was unsafe. Therefore, Trollhaugen cannot be held liable for violating an ongoing duty to keep the premises safe.[4]

*By the Court.*—Judgment affirmed.

---

[4] Mair makes two other arguments:　the trial court erred in characterizing the defect as structural under the safe place law, and there is a factual dispute as to whether the defect was an unsafe condition under the safe place law. Given our holding, it is not necessary to address these arguments.